285 So.2d 385 (1973)
Jesse O. ROBERTS, Petitioner,
v.
STATE of Florida, Respondent.
No. 43608.
Supreme Court of Florida.
October 3, 1973.
Rehearing Denied November 19, 1973.
Brian T. Hayes, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for respondent.
PER CURIAM.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 274 So.2d 262 (1973). Our jurisdiction is based upon conflict between this case and In Re A.J.A., 248 So.2d 290 (Fla.App. 1971). Fla. Const., Art. V, Section 3(b)(3) (1973) F.S.A.
Petitioner, a 16-year-old minor, was interrogated by police officials concerning a rape. After being given Miranda warnings the petitioner gave the police a statement that amounted to a confession of the crime. Following the recording of that statement, the defendant was taken before a juvenile court judge at which time he repudiated the statement and proclaimed his innocence.
Petitioner filed a motion to suppress the confession and that motion was ultimately granted based, in part, on the provisions of F.S. Section 39.03(3), F.S.A.
The District Court of Appeal, First District, reversed that determination after an extensive interpretation of the McNabb-Mallory rule, failing, however, to discuss the applicability of F.S. Section 39.03(3), F.S.A.
After a thorough review of the record in this cause, we have determined that the following language in F.S. Section 39.03 (3), F.S.A., is controlling:
"The person taking and retaining a child in custody shall notify the parents or legal custodians of the child and the principal of the school in which said child is enrolled at the earliest practicable time, and shall, without delay for the purpose of investigation or any other purpose, deliver the child, by the most direct practicable route, to the court of the county or district where the child is taken into custody... ." (Emphasis supplied.)
*386 This was the result reached in In Re A.J.A., supra, on facts which are similar to those presently under review. In view of the explicit mandatory language of F.S. Section 39.03(3), F.S.A., we feel we must adopt the rationale of the In Re A.J.A. holding as expressed at 248 So.2d 690, at 692. Cf. Oliver v. State, 250 So.2d 888 (Fla. 1971); see generally In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
Accordingly, the decision of the District Court is quashed and the cause remanded to the First District Court of Appeal with instructions to remand the same to the trial court for a new trial not inconsistent herewith.
CARLTON, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.
ROBERTS, ADKINS and DEKLE, JJ., dissent.