GRIMES, Judge.
Appellant, a fifteen year old boy and a suspect in three arson cases, was picked up at his home by police and taken to police headquarters for questioning. His parents were not notified, although they could have been. After twenty or thirty minutes of questioning, appellant wrote out and signed a confession. Appellant was arrested, and, after the necessary paperwork was done, he was returned to his home by police. Appellant’s motion to suppress the confession was denied; the court found him guilty of arson and adjudicated him a delinquent child. He appeals the denial of his motion to suppress.
Appellant’s first contention is that his motion to suppress should have been granted because the statement was obtained under circumstances violating Fla.Stat. § 39.03(3) (a) (1973). Subsection (3) (a) reads, in part:
“If the person taking the child into custody determines, pursuant to paragraph (c), that the child should be detained or placed in shelter care, he shall immediately notify the parents or legal custodians of the child and shall, without unreasonable delay, deliver the child to the appropriate intake officer . . .”
(Emphasis added.)
Paragraph (c) lists the circumstances under which a child may be “placed or retained in detention care or shelter care” prior to the court’s disposition of the case. (Emphasis added.) While appellant may have been “detained” in the ordinary sense of the word at the police station, he was not “placed or retained in detention care [1]” as contemplated in subsection (3) (a) 1
Subsection (3) (a) of Fla.Stat. § 39.03 (1973) does not apply to the facts of this case. At no time was it determined that appellant should be “detained”, i.e. “placed or retained in detention care.”
We do not decide that at the time of the confession appellant was “in custody.” If he was, however, the police followed the procedure set out in Fla.Stat. § 39.03(2) (1973) which reads, in part:
“If the child should not be detained or placed in shelter care pursuant to paragraph (c) of subsection (3), or unless otherwise ordered by the judge, the person taking the child into custody shall release the child to a parent . . . .”
Appellant’s second point is that his confession should have been suppressed because it was not freely and voluntarily made. Because the resolution of this question depends on the facts of this case, they must be set out in some detail. The police officer who received appellant’s confession testified that he and another officer went to appellant’s home and requested that appellant accompany them to the police station “to talk the matter over.” The officer said that appellant was a suspect in the case at the time, though another person had been previously arrested in the case as a result of appellant’s earlier statements.
Appellant testified that he went with the officers to the police station of his own free will. He testified that he had his rights under Miranda read to him and that he consented to talk with the officers. He admitted that he knew he had a right to have an attorney present and that anything he said could be used against him in court. Further, appellant testified that he was not upset, crying or scared at the time his rights were read to him. Appellant denied setting the fires and said that he was *185 “pressured” into signing- the confession. He said he became upset when the officer told him that his parents could be sued for everything they had by the person he had accused. He testified that he thought up half the confession to keep his parents from getting into trouble.
The police officer said that appellant denied setting the fires at first, but that after twenty or thirty minutes, and after being-confronted with the evidence, he admitted the crimes. He denied making any threats or promises to appellant. With reference to the possibility of his parents being sued, the officer testified he told appellant he was not an attorney and could not advise him on that point.
Upon examination by the court, appellant stated that he attended school and that he was in the tenth grade. Appellant’s mother testified that her son was fairly mature and fairly intelligent.
A confession is not involuntary merely because the person making it is a juvenile. In determining the admissibility of a juvenile’s statement, the “totality of circumstances” under which it was made must be examined. Gallegos v. Colorado, 1962, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325, 87 A.L.R.2d 614; Am.Jur.2d, Evidence, § 574.
A history of the problem of juvenile confessions is set out in People v. Lara, 1967, 67 Cal.2d 365, 62 Cal.Rptr. 586, 432 P.2d 202, cert. den., 1968, 392 U.S. 945, 88 S.Ct. 2303, 20 L.Ed.2d 1407. Lara sets out the general rule:
“. . . [A] minor has the capacity to make a voluntary confession, even of capital offenses, without the presence or consent of counsel or other responsible adult, and the admissibility of such a confession depends not on his age alone but on a combination of that factor with such other circumstances as his intelligence, education, experience, and ability to comprehend the meaning and effect of his statement. . . .”62 Cal.Rptr. at 599. 432 P.2d at 215.
To these considerations must be added the requirement that, if the statement stems from custodial interrogation, the accused must be given his rights under Miranda and must voluntarily, knowingly and intelligently waive those rights. Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
A juvenile may waive his rights under Miranda, but the state bears a heavy burden in establishing that the waiver was intelligently made. Arnold v. State, Fla. App.3rd, 1972, 265 So.2d 64, cert. den., Fla. 1973, 272 So.2d 817.
Regarding juvenile confessions, our supreme court in State v. Francois, Fla. 1967, 197 So.2d 492,[2] quoted with approval the following statement from a leading California decision:
“ ‘We see no reason at this time for making such statements inadmissible. In determining the character of their statements, that is, whether they are free and voluntary, the age of the person should be considered, but to rule out all statements merely because of the youth of the maker, would unduly restrict law enforcement.’ ”
The trial court denied appellant’s motion to suppress his confession upon conflicting testimony. Viewing the testimony in a light most favorable to the state, we cannot say, as a matter of law, that appellant failed to effectively waive his rights under Miranda or that his confession was not freely and voluntarily made.
Affirmed.
McNULTY, C. J., and HOBSON, J., concur.

. “Detention care” is defined in Fla.Stat. § 39.01(17) (1973) as “the temporary care of children in a detention home pending court disposition or execution of a court order.”

. In Frcmoois, both juveniles signed confessions before consulting with parents or attorneys.