336 So.2d 375 (1976)
Rogert L. DOWST, Appellant,
v.
STATE of Florida, Appellee.
No. X-503.
District Court of Appeal of Florida, First District.
March 19, 1976.
Rehearing Denied May 19, 1976.
John W. Tanner, Daytona Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
MELVIN, Woodrow M., Associate Judge.
We review a timely appeal from a judgment and sentence on three counts of grand larceny.
The primary issue presented here for determination is whether the trial judge erred in refusing to suppress tape recorded statements of Appellant, typewritten transcriptions of the same, and testimony concerning such statements.
Upon the arrest of the Defendant, he was transported to the Sheriff's Office where it was confirmed that he was sixteen years old. The investigating officer called the Division of Youth Services. The officer was advised by the Division of Youth Services that the Defendant was an *376 escapee from the State training school and was requested to hold him in custody. Prior to any questioning of the Defendant and before he gave the alleged tape recorded confessions, he asked the officer if he could call his parents. He was not permitted to make the telephone call until sometime after he gave the statements in question. Proper and timely objections were made to the introduction in evidence of all the tapes, transcriptions, and conversations relative thereto. Nevertheless, they were admitted in evidence and presented as the major thrust of the State's case against the Defendant.
We are not here concerned with the Defendant's argument that the statements should have been excluded because he was under the influence of some drug. The trial judge heard evidence pro and con on this issue, and the record is sufficient to support his finding in this regard.
The duty of an arresting officer or the interrogating officer, who in this case is the same person, is clearly set forth in Section 39.03(3)(a), Floria Statutes as follows:
"If the person taking the child into custody determines, pursuant to paragraph (c), that the child should be detained or placed in shelter care, he shall immediately notify the parents or legal custodians of the child ..." (emphasis ours)
With full knowledge that he held in custody a youth of sixteen years and suspected of the commission of a serious felony, he was mandated by the provisions of the Statute to immediately notify his parents, or permit the boy to do so. It is not sufficient for the State to argue that notification of the Division of Youth Services satisfied the Statute since the Defendant was an escapee. All that call resulted in was a direction that the Defendant be placed in custody.
The purpose of the Statute is too clear to call for interpretation or construction. The Legislature has commanded with clear words that a juvenile's parents shall be notified immediately, and it is not left to the discretion of the arresting or interrogating officer to suspend the operation of this legislative mandate until after he obtains confessions from the youth. In such posture, the giving of the Miranda rights to the Defendant was to no avail.
We hold that when the Defendant, sixteen years of age, requested to speak to his parents and was denied, such request constituted a continuous assertion of his privilege against self incrimination and that any confession given by him before either (1) he is granted the right to make such call, or (2) the officer makes a good faith effort to so advise his parents, is inadmissible in evidence. See Arnold v. State, 265 So.2d 64 (Fla.App. 3rd, 1972); In re: A.J.A., 248 So.2d 690 (Fla.App. 3rd, 1971) and Roberts v. State, 285 So.2d 385 (Fla. 1973).
The second point urged relates to alleged variances in allegation and proof of ownership of the money in question. When the evidence was presented, no objection was made as to alleged variance. The issue was not properly presented until after verdict. That timing of objection is out of season.
The third point on appeal relates to the refusal of the trial court to charge the jury as to the provisions of Section 39.03(3)(a). The point is without merit.
The judgments and sentences are reversed with direction to grant the Defendant a new trial.
RAWLS, Acting C.J., and BARKDULL, Thomas H., Jr., Associate Judge, concur.