PER CURIAM.
In our opinion in this case, reported as B. M. v. State, 337 So.2d 423 (Fla. 3rd DCA 1976), we relinquished jurisdiction and remanded the cause to the trial judge to consider and then rule explicitly on the voluntariness of the juvenile’s confession. Pursuant thereto, the trial judge rendered the following finding of voluntariness of the confession:
“There is no need for this Court to hear any additional testimony. Based upon the testimony heretofore heard by this Court and the oral argument of counsel for the respective parties, this Court specifically finds that the confession of the juvenile was clearly voluntary. Prior to giving the confession the juvenile was fully advised of his constitutional rights in accordance with the Miranda decision, he intelligently and voluntarily waived those rights and confessed. There is nothing in the record to indicate that the *802 juvenile was under any undue pressure when he gave his voluntary confession.
“The delay in transporting the juvenile from the Public Safety Department homicide office to Youth Hall was unfortunate and unnecessary, however, this Court has heard no evidence which would justify a finding that the delay in transportation in any way vitiated the voluntariness of the juvenile’s confession.”
Based on the foregoing, we are of the opinion that the adjudication of delinquency must be affirmed.
Affirmed.