348 So.2d 937 (1977)
Anthony I. TENNELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76-37 and 76-683.
District Court of Appeal of Florida, Second District.
August 10, 1977.
B. Robert Ohle, McDermott & Ohle, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant, a juvenile in these consolidated appeals, seeks review of an order transferring him to the adult criminal division of the circuit court and an order denying his motion to suppress his confession.
At the time the appellant gave his confession he was fourteen years of age. The record establishes that he was of below average intelligence; had the reading ability equivalent to that of a child entering the first grade; had difficulty understanding normal speech; and for that reason anyone speaking to him had to speak slowly, repeat himself often, and use simple words for the appellant to understand.
During the interrogation only the officer and appellant were present. The minor's parents were not notified.[1] The interrogating officer completed the Miranda waiver form himself after advising the appellant of his rights and satisfying himself that the appellant understood them. After appellant signed the waiver, while under interrogation, he made a statement which is the subject matter of this appeal.
The law as to the admissibility of juveniles' confessions is aptly set forth in T.B. v. State, 306 So.2d 183 (Fla.2d DCA 1975), wherein it is stated on page 185:

*938 A confession is not involuntary merely because the person making it is a juvenile. In determining the admissibility of a juvenile's statement the "totality of circumstances" under which it was made must be examined. Gallegos v. Colorado, 1962, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325, 87 A.L.R.2d 614; Am.Jur.2d, Evidence, § 574.
A history of the problem of juvenile confessions is set out in People v. Lara, 1967, 67 Cal.2d 365, 62 Cal. Rptr. 586, 432 P.2d 202, cert. den., 1968, 392 U.S. 945, 88 S.Ct. 2303, 20 L.Ed.2d 1407. Lara sets out the general rule:
"... [A] minor has the capacity to make a voluntary confession, even of capital offenses, without the presence or consent of counsel or other responsible adult, and the admissibility of such a confession depends not on his age alone but on a combination of that factor with such other circumstances as his intelligence, education, experience, and ability to comprehend the meaning and effect of his statement... ." 62 Cal. Rptr. at 599, 432 P.2d at 215.
To these considerations must be added the requirement that, if the statement stems from custodial interrogation, the accused must be given his rights under Miranda and must voluntarily, knowingly and intelligently waive those rights. Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
A juvenile may waive his rights under Miranda, but the state bears a heavy burden in establishing that the waiver was intelligently made. Arnold v. State, Fla.App.3rd, 1972, 265 So.2d 64, cert. den., Fla. 1973, 272 So.2d 817.
Upon a careful reading of the record in this case, we hold that the state has not borne its heavy burden in establishing that the waiver was intelligently made.
The remaining point on appeal has been carefully considered and found to be without merit.
REVERSED and REMANDED.
BOARDMAN, C.J., and DANAHY, PAUL W., Jr., Associate Judge, concur.
NOTES
[1] Dowst v. State, 336 So.2d 375 (Fla.1st DCA 1976).