348 So.2d 938 (1977)
Richard David DOERR, II, Appellant,
v.
STATE of Florida, Appellee.
No. 76-977.
District Court of Appeal of Florida, Second District.
August 10, 1977.
*939 Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant Doerr, age sixteen, was charged with three counts of burglary. After the appropriate hearing, he was waived by the juvenile division to the criminal division of the court to be tried as an adult. He then moved to suppress certain statements made to the arresting officer. After denial of the motion, he withdrew his plea of not guilty and entered a plea of nolo contendere to the first count, specifically reserving the right to appeal the court's ruling on his motion to suppress. The state nolle prossed the remaining two counts. Following a presentence investigation, adjudication was withheld and appellant was placed on probation for a period of three years.
Detective Donald Hartery testified that prior to arresting the appellant he told appellant's mother that he intended to arrest her son. She tried to help Detective Hartery locate appellant. Hartery found appellant at an apartment later that night, arrested him, and took him directly to the juvenile detention center. After placing appellant in the patrol car Detective Hartery advised him of his rights. In response to questions, appellant admitted several burglaries. At the detention center appellant was again advised of his rights and he was again questioned. Detective Hartery identified the transcribed interrogation and stated that appellant had supplied him with details of the crimes, but he was unable to recall whether appellant's mother was notified before or after the interview since he did not talk with her personally.
Appellant argues that his statements should have been suppressed due to the failure of the arresting officer to comply with Section 39.03(3)(a), Florida Statutes *940 (1975), prior to the appellant's interrogation. The pertinent part of this section provides:
"If the person taking the child into custody determines, pursuant to paragraph (c), that the child should be detained or placed in shelter care, he shall immediately notify the parents or legal custodians of the child... ." (emphasis supplied)
The thrust of appellant's argument is that noncompliance with the statute automatically requires suppression of his confessions. In support of this contention, he cites Dowst v. State, 336 So.2d 375 (Fla. 1st DCA 1976), wherein the First District stated that since Section 39.03(3)(a) commands that a juvenile's parents shall be notified immediately, it is not left to the discretion of an arresting or interrogating officer to suspend that legislative mandate until after he obtains a confession from a juvenile. While certain language of the First District's opinion lends support to appellant's position, we do not think that Dowst is authority to suppress the appellant's confession in this case. In Dowst, the juvenile who was arrested and taken into custody by the police requested to call his parents before he was questioned, but was not permitted to do so until after he confessed. The court clearly delineated its holding in stating:
"We hold that when the Defendant, sixteen years of age, requested to speak to his parents and was denied, such request constituted a continuous assertion of his privilege against self incrimination and that any confession given by him before either (1) he is granted the right to make such call, or (2) the officer makes a good faith effort to so advise his parents, is inadmissible in evidence." 336 So.2d at 376 (citations omitted).
Section 39.01(3) defines "taken into custody" to mean "the status of temporary physical control of a child by a person authorized by this chapter, pending his release, detention, or placement." The language of Section 39.03(3)(c) differentiates between taking a child into custody and placing him in detention or shelter care. If a child is not to be detained or placed in shelter care, Section 39.03(2) provides that the person who has taken the child into custody shall release him to a parent or other responsible adult. The only portion of Section 39.03 which specifies notification of the parents or the legal custodians of the child is Section 39.03(3)(a), and this obligation arises when the person taking the child into custody determines that the child should be detained or placed in shelter care. Therefore, as we read the pertinent portion of Section 39.03(3)(a), its purpose is to assure that when a juvenile is to be kept beyond the period of the statutory definition of custody his parents must be advised of his whereabouts. T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975). While the legislature could also have required notification of a juvenile's parents before he could be interrogated, it has not seen fit to do so. Therefore, even though Detective Hartery may have intended from the outset to cause the appellant to be detained, this is irrelevant to our disposition of the case because the statutory requirement of notification has nothing to do with interrogation.
Juvenile confessions have always been held to be admissible, though the courts have necessarily regarded them with closer scrutiny because of the age of the person involved. See T.B. v. State, supra. In State v. Francois, 197 So.2d 492 (Fla. 1967), our Supreme Court declined to adopt an exclusionary rule which would automatically exclude all confessions given by those who were still under the jurisdiction of the juvenile court. The United States Supreme Court has held that the admissibility of a juvenile confession depends upon the "totality of circumstances" under which it was made. Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed. 325 (1962). The more immature the juvenile may be, the greater likelihood exists that his confession will be deemed inadmissible. The fact that a juvenile's confession was given before he had the opportunity to talk with his parents or an attorney is certainly a factor militating against its admissibility. But, the existence *941 of this fact does not preclude a finding of voluntariness depending upon all of the other circumstances surrounding the confession.
Courts are rightfully solicitous of the procedural due process rights of juveniles. Moreover, the courts have been scrupulous in preserving parental prerogatives over their children. See, e.g., L.C.L. v. State, 319 So.2d 133 (Fla. 2d DCA 1976), wherein this court reversed a trial judge's transfer of a juvenile case to the criminal division of the circuit court because of the court's failure to notify the juvenile's parents of the waiver hearing held under Section 39.09(2), Florida Statutes. See also this court's recent opinion in Alexander v. State, 341 So.2d 790 (Fla. 2d DCA 1977), where we vacated a judgment and sentence for robbery because the record indicated no notice of the charge was furnished to the parent or guardian of the juvenile, nor was there evidence of actual notice.
Nevertheless, we are also cognizant of the necessity for the police to have the ability to take proper measures to cope with the mounting volume of serious crimes committed by juveniles in this state. The adoption of a strict exclusionary rule as urged by appellant could have the effect of voiding even those confessions of juveniles which are voluntarily given at the scene of the crime.
In reaching this conclusion, we have not overlooked the case of Roberts v. State, 285 So.2d 385 (Fla. 1973), in which a confession was suppressed for the failure to comply with the italicized portion of Section 39.03(3), Florida Statutes (1971), set forth below:
"The person taking and retaining a child in custody shall notify the parents or legal custodians of the child and the principal of the school in which said child is enrolled at the earliest practicable time, and shall, without delay for the purpose of investigation or any other purpose, deliver the child, by the most direct practicable route, to the court of the county or district where the child is taken into custody ... ." (emphasis supplied)
Thereafter, the legislature eliminated the italicized language upon which the Roberts decision was based and substituted a milder version thereof which requires that a child who is to be detained or placed in shelter care shall be delivered to the intake officer without unreasonable delay. Section 39.03(3)(a), Florida Statutes (1975). See Interest of R.L.J., 336 So.2d 132 (Fla. 1st DCA 1976). We do not believe that the mere fact the Supreme Court chose to interpret the stricter language of another portion of the predecessor of Section 39.03(3)(a) as invalidating a confession means that court would interpret the language of the section concerning the notification of parents to mean that any confession given prior to the notification must automatically be suppressed.
It should be noted that the appellant does not contend that his confessions were involuntary. In the words of appellant when asked why he admitted his guilt to Detective Hartery, "I didn't want to hear his mouth." He even admitted that he was familiar with the Miranda warnings because he had heard them when the police had interrogated him on other occasions. This is not a case like Tennell v. State, 348 So.2d 937 (Fla. 2d DCA 1977) (Opinion filed August 10, 1977) in which the absence of the juvenile's parents because of the failure on the part of the appropriate authorities to notify them was only one of several factors dictating the conclusion that the confession was involuntary. The appellant's motion to suppress was properly denied.
The resolution of the issue raised by this appeal can have substantial impact in the field of juvenile justice. Therefore, we have determined to certify this case to the Supreme Court as having passed upon the following question of great public interest:
IS ANY CONFESSION BY A JUVENILE AFTER HE IS TAKEN INTO CUSTODY RENDERED INADMISSIBLE IF IT WAS GIVEN PRIOR TO NOTIFICATION OF HIS PARENTS OR LEGAL GUARDIANS PURSUANT TO *942 SECTION 39.03(3)(a), FLORIDA STATUTES (1975)?
AFFIRMED.
GRIMES and SCHEB, JJ., concur.
HOBSON, Acting C.J., dissents without opinion.