ALDERMAN, Chief Judge.
W. J. N., age sixteen, appeals his adjudication of delinquency for burglary. The issue is whether appellant’s confession, obtained after the person taking him into custody had determined that he should be detained, but before he was delivered to the appropriate intake officer, should be suppressed. Miranda warnings were given; the evidence is sufficient to establish the voluntariness of the confession, as well as parental consent; and the validity of the arrest is not challenged. The determinative question is whether the confession must be suppressed because of an alleged violation of Section 39.03(3)(a), Florida Statutes (1975). The relevant section of this statute provides that if the person taking a child into custody determines that the child should be detained, he shall “without unreasonable delay, deliver the child to the appropriate intake officer.” We find no error and affirm the trial court’s denial of appellant’s motion to suppress.
Appellant was arrested at his home at about 6:00 A.M. He was first taken to a “command post” set up by the sheriff’s office in front of the North Broward Hospital; then, between 8:00 and 8:30 A.M., with four or five other boys who had also been arrested, he was transported to the sheriff’s road patrol office on the eighth floor of the Broward County Courthouse. There he was fingerprinted and photographed, and at about 9:30 A.M. he was questioned for about fifteen minutes. At that time he confessed his involvement in the burglary. Shortly thereafter he was delivered to the appropriate intake officer of the Division of Youth Services.
*120 Appellant relies on In Interest of A. J. A., 248 So.2d 690 (Fla. 3d DCA 1971) and Roberts v. State, 285 So.2d 385 (Fla.1973). These cases, however, are no longer applicable because they deal with an earlier version of Section 39.03(3), which provided that the person taking a child into custody “shall, without delay for the purpose of investigation or any other purpose, deliver the child, by the most direct practical route, to the court of the county or district where the child is taken into custody.” The explicit mandatory language of the former Section 39.03(3) allowed for no delay for any purpose. The confessions in A. J. A. and Roberts were therefore suppressed.
Appellant also relies upon the more recent case of B. M. v. State, 337 So.2d 423 (Fla. 3d DCA 1976), which contains broad language to the effect that the current Section 39.03(3) is a legislative directive to the courts and other law enforcement agencies that juveniles shall be treated differently from other suspected criminals in that they shall not be taken to a police station or jail for interrogation. This statement is dicta. The court in B. M. v. State, supra, did not hold that a child’s confession must be suppressed because he was taken to a police station for interrogation. The court did hold that the reasonableness of the delay in transporting the child to Youth Hall and the effect such delay may have had on him insofar as influencing him to confess, were questions for the trier of fact to decide in making his determination of volun-tariness. The case was remanded to the trial court to rule on the voluntariness of the child’s confession. Subsequently the trial court found that the confession was voluntary and that the delay in transportation did not vitiate the voluntariness of the confession. The Third District then affirmed the adjudication of delinquency. B. M. v. State, 341 So.2d 801 (Fla. 3d DCA 1977).
Section 39.03(3) has also been considered in the recent case of In Interest of R. L. J., 336 So.2d 132, 137 (Fla. 1st DCA 1976). The First District, after noting the legislative change, concluded that the legislature thus removed any statutory impediments to juvenile custodial interrogation which do not offend the United States and Florida Constitutions. We agree with this analysis and reject appellant’s contention that his confession must be suppressed. The booking procedures and the interrogation at the sheriff’s office, the resulting delay in delivering appellant to the intake officer, and the effect such delay may have had on appellant, insofar as it relates to the voluntariness of his confession, are factors to be considered by the trial court in making its determination of voluntariness; they do not, however, require that the confession be suppressed in any event. See also Doerr v. State, 348 So.2d 938 (Fla. 2d DCA 1977).
AFFIRMED.
DOWNEY and LETTS, JJ., concur.