PER CURIAM.
This is an appeal from a judgment and sentence for manslaughter. Appellant juvenile contends that his statement was obtained in violation of his rights and the motion to suppress the statement should have been granted. We agree and reverse.
Appellant lacked eight days of having reached his fifteenth birthday when he cut another juvenile with a knife during an argument; the victim subsequently died. Appellant and all the witnesses to the incident were taken to the Juvenile Justice Center for questioning. Before the police officers left the house where the incident occurred, they informed his father that he was being taken for questioning. The father stated that he wanted to be present during the questioning and that he would get there as soon as he could; he needed to stay and calm his wife down first. The testimony shows that appellant was taken from the house about 4:30 p. m. His statement was taken by one of the police officers out of the presence of either parent at 6:03 p. m. The father had arrived at the Juvenile Justice Center at 6 p. m. but was detained by a receptionist who said he needed to fill out some forms.
At the hearing on the motion to suppress the statement, appellant stated that the officer said he was waiting for appellant’s father because the father wanted to be there, but that the officer waited only three or four minutes and then said, “I can’t wait on him and he went ahead and started.” The officer did not testify at the hearing on the motion to suppress. At trial, however, the officer did testify that he waited for other parents and that at least one parent of every other individual interviewed relative to this case was present before the interview took place.
Section 39.03(3)(a), Florida Statutes (1977), requires that when a person determines that a child should be detained, he must immediately notify the parents or legal guardian. In this case, there is no question but that the parents were notified. We believe, however, that the purpose of the statute is not only notice to the parents or legal guardians, but also a reasonable opportunity for them to confer with the juvenile. Just as we held in Dowst v. State, 336 So.2d 375 (Fla. 1st DCA 1976), that where the child requested to speak to his parents and was denied, any confession given by him was inadmissible because his request constituted a continuous assertion of his privilege against self-incrimination, we now hold that where a parent or legal guardian requests to be present and makes himself or herself reasonably accessible, it is error to proceed in questioning the juvenile. Under facts such as those in this case, the parent or legal guardian must be given a reasonable opportunity to confer with the juvenile. The statute is not satisfied by a race of diligence between the parent and the officer.
Accordingly, the judgment and sentence are reversed and the cause is remanded for a new trial.
MILLS, Acting C. J., and SMITH and MELVIN, JJ., concur.