HOBSON, Acting Chief Judge.
W. Richard Willis appeals from a summary judgment which the trial court rendered in favor of Gulf Life Insurance Company. He argues that the trial court erred in finding that as a matter of law the statute of limitations barred his suit against Gulf Life. We agree.
Appellant Willis filed a complaint on February 17, 1977, seeking a declaration of his right to payments of $400 a month from Gulf Life under an insurance policy which provided for such payments for life in cases of total disability caused by injury. Appellant alleged that he had become totally disabled in November 1971 from an injury that occurred that month. He further alleged that while Gulf Life had made payments until January 22, 1974, it had wrongfully withheld them since that time.
In response to appellant’s complaint, ap-pellee filed an answer and then a motion for summary judgment. The trial court granted the motion, finding that Section 627.616, Florida Statutes (1977), barred appellant’s claim.
Section 627.616, the language of which Gulf Life made a part of the insurance policy, provides that
“627.616 Legal actions. There shall be a provision as follows:
‘Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of [60] days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of [3] years after the written proof of loss is required to be furnished.’ ”
*224 It is readily apparent that under this section the trial court could not determine the date when the statute of limitations commenced running without knowing the date upon which proof of loss was required to be furnished. However, the parties failed to resolve that factual question by their pleadings or by affidavit and as a result the court should not have granted summary judgment.
Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings.
SCHEB and OTT, JJ., concur.