375 So.2d 881 (1979)
Felix ZAMOT, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2141.
District Court of Appeal of Florida, Third District.
October 16, 1979.
*882 Weiner, Robbins & Tunkey and Frederick S. Robbins, Miami, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HUBBART, JJ.
HUBBART, Judge.
The defendant Felix Zamot appeals a judgment of conviction and sentence for a first degree murder entered in the Circuit Court for the Eleventh Judicial Circuit of Florida. He urges on appeal that the trial court erred: (1) in allowing the defendant's confession in evidence; (2) in not giving an instruction to the jury on grand larceny; (3) in denying the defendant's motion for judgment of acquittal made at the close of all the evidence and the defendant's post-trial motion for new trial in that the evidence was insufficient to support the verdict, and (4) in denying the defendant's motion for mistrial based on the prosecuting attorney's inflammatory final argument to the jury.
We have no problem in disposing of the defendant's first three contentions. The defendant's confession was freely and voluntarily given and was admissible in evidence. State v. Francois, 197 So.2d 492 (Fla. 1967); In re W.J.N., 350 So.2d 119 (Fla. 4th DCA 1977); Doerr v. State, 348 So.2d 938 (Fla. 2d DCA 1977); Ponder v. State, 323 So.2d 296 (Fla. 3d DCA 1975); T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975). A jury instruction on grand larceny did not lie on this indictment for first degree murder. See Brown v. State, 206 So.2d 377 (Fla. 1968). And the evidence was more than sufficient to sustain the instant conviction. State v. Jefferson, 347 So.2d 427 (Fla. 1977); Hoover v. State, 212 So.2d 95 (Fla. 3d DCA 1968); Crum v. State, 172 So.2d 24 (Fla. 3d DCA 1965).
We have some difficulty, however, in resolving the defendant's last contention. Undoubtedly, the prosecuting attorney's final argument to the jury which is complained of on this appeal was highly improper,[1] *883 cannot be justified as a proper retaliatory argument against an otherwise proper argument by defense counsel, and, ordinarily, would call for a reversal of the conviction herein. Grant v. State, 194 So.2d 612 (Fla. 1967); Singer v. State, 109 So.2d 7 (Fla. 1959); Williams v. State, 68 So.2d 583 (Fla. 1953); Stewart v. State, 51 So.2d 494 (Fla. 1951); Davis v. State, 214 So.2d 41 (Fla. 3d DCA 1968). Our review of the record, however, convinces us that this argument, although highly improper, did not materially contribute to this conviction. The evidence of the defendant's guilt was overwhelming; moreover, the insanity defense raised by the defendant was exceedingly weak and was decisively refuted by the psychiatric testimony at trial. As such, we must conclude that the state's argument in the context of this case did not compel the trial court to grant a mistrial herein. Darden v. State, 329 So.2d 287 (Fla. 1976); Collins v. State, 180 So.2d 340 (Fla. 1965); Wingate v. State, 232 So.2d 44 (Fla. 3d DCA 1970). See Traynor, The Riddle of Harmless Error (1970).
This opinion should not be interpreted as approving the argument made by the prosecuting attorney in this case. Although we have declined to reverse this conviction, we are not holding that this argument is permissible and can be made again in a different case with impunity. Indeed, it is our view that, had the case been close on the issue of guilt or innocence, a different result would be required.
Affirmed.
NOTES
[1] The prosecutor argued that he was glad he, and inferentially the jury, did not meet up with the defendant in a dark alley. This argument carried the unmistakable message that had this occurred, the defendant would have assaulted, and perhaps killed, the prosecutor as well as the jury. Specifically the prosecutor stated:

"He [the defendant] is a victim of society, he is a person who has been victimizing society all his life. He has been a person who doesn't care. He doesn't give a damn who he hurts. He couldn't care less. You know, that is what that man's life was worth to him. That boy, well, he kills like a man. He killed that man in cold blood. That boy. Give that boy a chance. That boy, who? I'm sure we all feel, my God, I'm lucky I didn't meet him in a dark alley. That boy. Geez, I'm sorry, I'm glad I never met up with that boy." [emphasis added]
The defense counsel objected to this argument and moved for a mistrial. The trial court denied the motion for mistrial.