383 So.2d 905 (1980)
Richard David DOERR, II, Petitioner,
v.
STATE of Florida, Respondent.
No. 52275.
Supreme Court of Florida.
May 8, 1980.
Jack O. Johnson, Public Defender; and Douglas A. Wallace, Asst. Public Defender, Bradenton, for petitioner.
*906 Jim Smith, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondent.
ALDERMAN, Justice.
The District Court of Appeal, Second District, has certified the following question for our resolution:[1]
IS ANY CONFESSION BY A JUVENILE AFTER HE IS TAKEN INTO CUSTODY RENDERED INADMISSIBLE IF IT WAS GIVEN PRIOR TO NOTIFICATION OF HIS PARENTS OR LEGAL GUARDIANS PURSUANT TO SECTION 39.03(3)(a), FLORIDA STATUTES (1975)?
The district court answered this question in the negative. We agree with its decision and hold that section 39.03(3)(a), Florida Statutes (1975), does not require that every confession by a juvenile after he is taken into custody be automatically rendered inadmissible if it was given prior to notification of his parents or legal guardians.
Doerr, who at age sixteen was charged with three counts of burglary, was waived by the juvenile division to the criminal division to be tried as an adult. After denial of his motion to suppress certain statements made by him to the arresting officer, Doerr pled nolo contendere, reserving his right to appeal the denial of his motion to suppress.
Prior to arresting Doerr, the arresting officer informed Doerr's mother that he intended to arrest her son. Later that night, the officer arrested Doerr, and, while in the patrol car enroute to the juvenile detention center, the officer advised him of his rights. He was again advised as to his rights at the detention center. In response to questions, Doerr admitted several burglaries and supplied the officer with details of the burglaries. The officer who interrogated Doerr was unable to recall whether Doerr's mother was notified before or after the interview.
On appeal to the district court, Doerr argued that the trial court erred in not suppressing his statements because, prior to Doerr's interrogation, the arresting officer failed to comply with section 39.03(3)(a), Florida Statutes (1975), which provides in pertinent part:
If the person taking the child into custody determines, pursuant to paragraph (c), that the child should be detained or placed in shelter care, he shall immediately notify the parents or legal custodians of the child... .
The district court disagreed with Doerr's contention and affirmed the trial court. We agree with the district court's following rationale:
Section 39.01(3) defines "taken into custody" to mean "the status of temporary physical control of a child by a person authorized by this chapter, pending his release, detention, or placement." The language of Section 39.03(3)(c) differentiates between taking a child into custody and placing him in detention or shelter care. If a child is not to be detained or placed in shelter care, Section 39.03(2) provides that the person who has taken the child into custody shall release him to a parent or other responsible adult. The only portion of Section 39.03 which specifies notification of the parents or the legal custodians of the child is Section 39.03(3)(a), and this obligation arises when the person taking the child into custody determines that the child should be detained or placed in shelter care. Therefore, as we read the pertinent portion of Section 39.03(3)(a), its purpose is to assure that when a juvenile is to be kept beyond the period of the statutory definition of custody his parents must be advised of his whereabouts. T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975). While the legislature could also have required notification of a juvenile's parents before he could be interrogated, it has not seen fit to do so. Therefore, even though Detective Hartery may have *907 intended from the outset to cause the appellant to be detained, this is irrelevant to our disposition of the case because the statutory requirement of notification has nothing to do with interrogation.
Juvenile confessions have always been held to be admissible, though the courts have necessarily regarded them with closer scrutiny because of the age of the person involved. See T.B. v. State, supra. In State v. Francois, 197 So.2d 492 (Fla. 1967), our Supreme Court declined to adopt an exclusionary rule which would automatically exclude all confessions given by those who were still under the jurisdiction of the juvenile court. The United States Supreme Court has held that the admissibility of a juvenile confession depends upon the "totality of circumstances" under which it was made. Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed. 325 (1962). The more immature the juvenile may be, the greater likelihood exists that his confession will be deemed inadmissible. The fact that a juvenile's confession was given before he had the opportunity to talk with his parents or an attorney is certainly a factor militating against its admissibility. But, the existence of this fact does not preclude a finding of voluntariness depending upon all of the other circumstances surrounding the confession.
348 So.2d at 940-41.
The district court correctly distinguishes our earlier case of Roberts v. State, 285 So.2d 385 (Fla. 1973), in which a confession was suppressed for failure to comply with the following emphasized portion of the predecessor to the statute which we are now asked to interpret. The predecessor statute, section 39.03(3), Florida Statutes (1971), provided in pertinent part:
The person taking and retaining a child in custody shall notify the parents or legal custodians of the child and the principal of the school in which said child is enrolled at the earliest practicable time, and shall, without delay for the purpose of investigation or any other purpose, deliver the child, by the most direct practicable route, to the court of the county or district where the child is taken into custody ... .
[Emphasis supplied.] After Roberts was decided, the emphasized language was excised from the statute.
Section 39.03(3)(a) should not be read to mean that a child may never make a voluntary statement unless his parents or legal custodians have been notified. Although the legislature may someday specifically require notification before interrogation, it has not yet done so. The language of section 39.03(3)(a) does not support Doerr's position that the legislature intended that a juvenile should not be subjected to an interrogation until a parent or legal custodian has had an opportunity to consult with the child. This is particularly true in view of the legislature's amendment of this section following our decision in Roberts v. State.
The legislature has done nothing more than establish a procedure to be followed in the event the person taking a child into custody determines that he should be detained or placed in shelter care. Section 39.03(3)(a) clearly makes a distinction between taking the child into custody and subsequent determination that he should be detained or placed in shelter care. Notification of the child's parents or legal custodians is required only after it is determined that the child will be detained or placed in shelter care. If, after the child has been taken into custody, a determination is made that he will not be detained or placed in shelter care, notification is not required. The purpose of notification is simply to advise the child's parents or custodians that the child has been detained or placed in shelter care. This section does not prohibit interrogation after the child is taken into custody but before a determination is made to release or detain. Obviously, some interrogation may be necessary to initially determine whether the child should be detained or released. It likewise does not prohibit *908 interrogation after a decision to detain is made. Lack of notification of a child's parents is a factor which the court may consider in determining the voluntariness of any child's confession, but is not a statutory prerequisite to interrogation.
Adoption of the strict exclusionary rule proposed by Doerr would void even those statements voluntarily given by a juvenile at the scene of the crime. In fact, in the present case, Doerr does not contend that his statements were involuntary.
Accordingly, we approve the district court's decision.
It is so ordered.
ENGLAND, C.J., and OVERTON and McDONALD, JJ., concur.
ADKINS, J., dissents with an opinion with which BOYD and SUNDBERG, JJ., concur.
ADKINS, Justice, dissenting.
I dissent.
I would answer the question in the affirmative. In taking this position I agree that a juvenile could be interrogated prior to the time the parents are notified. It is elementary law that statements voluntarily given by a juvenile (or anyone else) at the scene of a crime are admissible. An amendment to the statute mandates that the parents or legal guardians of the child be notified when the child is taken into custody. The reasoning of the majority that the purpose of the amendment was to let the parents know where the child was located is without weight, for any agency taking a child into custody would notify the parents regardless of any statutory mandate. The purpose of the mandate was to assure the voluntary nature of any confession made by the juvenile.
In Roberts v. State, 285 So.2d 385 (Fla. 1973), this Court held that a confession should be suppressed if it had been secured in violation of the provisions of former section 39.03(3), Florida Statutes (1971), which reads as follows:
The person taking and retaining a child in custody shall notify the parents or legal custodians of the child and the principal of the school in which said child is enrolled at the earliest practicable time, and shall, without delay for the purpose of investigation or any other purpose, deliver the child, by the most direct practicable route, to the court of the county or district where the child is taken into custody ... (Emphasis supplied.)
This section was amended to read as follows:
If the person taking the child into custody determines, pursuant to paragraph (c), that the child should be detained or placed in shelter care, he shall immediately notify the parents or legal custodians of the child and shall, without unreasonable delay, deliver the child to the appropriate intake officer or, if the judge has so ordered to a detention home or shelter, and shall, upon delivery of the child, report in writing to the appropriate intake officer. (Emphasis supplied.)
In the case sub judice, the district court of appeal held that Roberts v. State, supra, was no longer controlling because of this amendment:
Thereafter, the legislature eliminated the italicized language upon which the Roberts decision was based and substituted a milder version thereof which requires that a child who is to be detained or placed in shelter care shall be delivered to the intake officer without unreasonable delay.
Doerr v. State, 348 So.2d 938, 941 (Fla. 2d DCA 1977). The Court did not discuss the effect of the amendment requiring immediate notification to the parents or legal custodian. The statute is a legislative directive to the courts and other law enforcement agencies that juveniles shall be treated differently from other suspected criminals in that they shall not be interrogated *909 until the parents or legal custodian shall be notified. The purpose of this directive is that a juvenile, presumptively inexperienced in the ways of crime, should not be subjected to an interrogation relative to guilt until a parent or legal custodian has had an opportunity to consult with the child. In many instances Miranda warnings would mean nothing to the juvenile defendant.
In other instances this directive may be based upon an inaccurate presumption. I recognize that many juveniles are aware of their rights. Nevertheless, it is within the province of the legislature to require notification before guilt interrogation. The former law required that the notification be made "at the earliest practicable time." The amendment required that the notification shall be made "immediately." This is a prerequisite to any guilt interrogation.
In the case of In the Interest of R.L.J., 336 So.2d 132 (Fla. 1st DCA 1976), cited by the state, the father of the juvenile was notified and replied that he had no objection to the interrogation.
In the Interest of W.J.N., 350 So.2d 119 (Fla. 4th DCA 1977), involved a situation where Miranda warnings were given and a confession obtained before the juvenile was delivered to the appropriate intake officer. The court held that these factors could be considered in determining whether or not the confession was voluntary, but the court did not require the suppression of the confession. There is nothing in the opinion concerning notification of the parents or custodian and the court did not consider the effect of the failure to notify.
The statute clearly requires that when a child is detained or placed in shelter care the parents or legal custodian shall be immediately notified. This is a legislative policy and the absence of notification invalidates any subsequent confession.
It appears that the mother of Doerr was told that an officer intended to arrest her son and she attempted to assist the detective in locating the defendant. Although the mother had notice of the charge against the juvenile, she was not notified when the defendant was detained.
I would quash the decision of the district court of appeal and remand the cause with instructions to reverse the judgment of the trial court.
BOYD and SUNDBERG, JJ., concur.
NOTES
[1] Doerr v. State, 348 So.2d 938 (Fla. 2d DCA 1977).