GLICKSTEIN, Judge.
We commence our discussion of this case by pointing out that the trial judge did not have the benefit of the supreme court’s decision in Doerr v. State, 383 So.2d 905 (Fla.1980), at the time he rendered his decision. Instead, he relied on the then recently decided case of Fields v. State, 371 So.2d 223 (Fla. 1st DCA 1979). We reverse.
Appellee, a juvenile, was taken into custody and interrogated before any determination had been made as to whether or not to detain him. During the interrogation, after being read his Miranda rights, the juvenile confessed to the crime of robbery. He moved to suppress the confession on the ground that the custodial interrogation was conducted without any prior notification to the juvenile’s parents. The trial court granted the motion and the State filed this appeal.
Section 39.03(3), Florida Statutes (1979), provides, inter alia :
If the person taking the child into custody determines, pursuant to s. 39.032(2), that the child should be detained or placed in a crisis home, that person shall make a reasonable effort to immediately notify the parents or legal custodians of the child and shall, without unreasonable delay, deliver the child to the appropriate intake officer or, if the court has so ordered, to a detention home or crisis home.
As can be seen from the language of the statute, the requirement of notification does not arise until it has been determined by the officer taking the juvenile into custody that the juvenile shall be detained or placed in a crisis home. The supreme court confirmed that conclusion in Doerr v. State, supra:
The legislature has done nothing more than establish a procedure to be followed in the event the person taking a child into custody determines that he should be detained or placed in shelter care. Section 39.03(3)(a) clearly makes a distinction between taking the child into custody and subsequent determination that he should be detained or placed in shelter care. Notification of the child’s parents or legal custodians is required only after it is determined that the child will be detained or placed in shelter care. If, after the child has been taken into custody, a determination is made that he will not be detained or placed in shelter care, notification is not required. The purpose of notification is simply to advise the child’s parents or custodians that the child has been detained or placed in shelter care. This section does not prohibit interrogation after the child is taken into custody but before a determination is made to release or detain. Obviously, some interrogation may be necessary to initially determine whether the child should be detained or released. It likewise does not prohibit interrogation after a decision to detain is made. Lack of notification of a child’s parents is a factor which the court may consider in determining the volun-tariness of any child’s confession, but is not a statutory prerequisite to interrogation. [emphasis added].
Id. at 907-908.
Sub judice, by stipulation of the parties the trial court entered an order that a sworn letter from the interrogating officer would be admitted as part of the State’s case on the juvenile’s motion to suppress the confession. In pertinent part the letter says:
In reference to our conversation pertaining to the defendant, Gregory Cobb and his arrest by myself on the 26th of November, 1979, subject Cobb was in custody at the time and had been arrested by Det. Sgt. Cleveland Barber.
In reference to the robbery of Burt Lay-ton, until the time that this writer interviewed Cobb there was insufficient evidence to arrest Cobb for this robbery. Cobb was a suspect only because it was believed that he had been in possession of certain credit cards belonging to the victim, Burt Leighton. Had Cobb not confessed to the robbery, he would not have *528 been arrested. Following his confession, he was arrested for this robbery.
This letter establishes that the decision to detain the juvenile had not been made by the interrogating officer, nor could it have been made by him, until the confession had been given. Accordingly, the juvenile was not entitled to have his parents or legal guardian notified that he was in custody.
We therefore reverse and remand.
REVERSED and REMANDED.
DOWNEY and HERSEY, JJ., concur.