WENTWORTH, Judge.
Appellant seeks review of a judgment and sentence entered in the circuit court for Duval County.
Appellant, a 12 year old youth, was adjudicated a delinquent child because he “did willfully and maliciously injure or damage the real or personal property of another . . . . ” The record shows that the front window of a business establishment was broken and appellant, together with a companion, was apprehended near the scene. Appellant initially denied any involvement in or knowledge of the matter, but after 15 minutes admitted “hitting the window,” “wondering if it would break,” and striking it with a “karate type kick” whereupon the window did break. Appellant and his companion had seen a “karate movie” earlier in the evening.
At the close of state’s evidence appellant moved for judgment of acquittal, which motion was denied. The motion was again made and denied at the close of the evidence. Appellant was adjudicated delinquent and committed to HRS. A motion to vacate judgment was made and denied.
This is an Anders appeal (see Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)); appellant’s appointed counsel is unable to assert, in good faith, any point of reversible error. Appellant was provided the opportunity to, but did not, file a brief in his own behalf. An independent examination of the record likewise fails to reveal any arguable point of reversible error.
Appellant testified that he did not intend to break the window, but the record indicates that he did willfully kick the window, and he may be presumed to have *329 intended the probable consequences of his actions. Although appellant’s parents were not notified prior to the on-site interrogation (see § 39.03(3), Florida Statutes), such lack of notification does not prohibit the on-site interrogation in the circumstances of this case. See Doerr v. State, 383 So.2d 905 (Fla.1980).
Appellant was found to have committed a misdemeanor, violating § 806.13, Florida Statutes, and the action taken by the trial judge was within her power pursuant to Chapter 39, Florida Statutes. See § 39.01(8) and 39.10(2).
We accordingly affirm.
ERVIN and SHAW, JJ., concur.