ERVIN, Judge,
dissenting.
Doerr v. State, 383 So.2d 905 (Fla.1980), recognizes that an arresting officer’s failure to notify the parents of a minor child immediately after taking him into custody does not per se invalidate a confession, but rather is a factor which the court may consider in determining the voluntariness of the confession. The same standard governs the facts in the present case. The failure of the custodial authorities to obtain two persons to sign a waiver of rights form as attesting witnesses is only one factor to be considered in determining whether the statement was voluntarily given. By analogy, Florida Rule of Criminal Procedure 3.111(d)(4), the counterpart of Florida Rule of Juvenile Procedure 8.290(d)(4), has been interpreted by the Florida Supreme Court as not requiring the suppression of a statement which is otherwise shown to be voluntary simply because the waiver form was not executed by two witnesses. See Jordan v. State, 334 So.2d 589 (Fla.1976). The court held there that a defendant need not expressly waive *15 his rights and that “[t]here was an implicit waiver in the act of the appellant in proceeding to give the statement after he had been given an explanation of his rights and had indicated comprehension of that explanation.” Id. at 592. In my view the same conclusion should also be reached here.
In the case at bar, the interrogating officer stated that before he obtained the statement, he read to appellant, who was nearly 17 years of age at the time of the offense, his constitutional rights which were just above the waiver portion of the form. The form was the customary type which advised the defendant, among other things, that he did not have to make a statement; that he had the right to an attorney, and that he had the right to stop answering questions at anytime and consult with either an appointed or privately employed attorney. When asked if he understood his rights, the appellant replied that he did, and signed the form. The officer also denied threatening appellant in any way, denied that appellant appeared intoxicated, and finally denied that any promises were made to appellant in exchange for his statement. Although the officer stated that he could not remember whether appellant had told him he could not read, I do not think that this one circumstance, when weighed against all others, militates against a finding that the confession was knowingly and voluntarily given.[1]
I would affirm.

. Indeed, Florida Rule of Juvenile Procedure 8.290(d)(3) supports the conclusion that waiver can only be determined after considering the totality of all the circumstances, including mental condition, age, educational experience, etc.