COWART, Judge.
The juvenile court judge found that appellee, a child, was given Miranda warnings and that the child was of sufficient age and intelligence to comprehend his circumstances and such rights. Nevertheless, the judge granted a motion to suppress the child’s statement because (1) no inquiry was made by the police officers as to the child’s actual comprehension of his Miranda rights, (2) the child was taken into custody and to the police department for questioning for approximately one hour rather than being taken directly to a detention or crisis home (see § 39.03(3), Fla.Stat. (1979)) and (3) there was no adult notified or present to assist the child during the police questioning.
The police are only required to give Miranda warnings, not to make an evaluation of the accused’s comprehension of his rights. If age, intelligence, education and experience gives a child the ability to comprehend the meaning and effect of a voluntary incriminating statement and of the effect of a waiver, the juvenile may waive his rights under Miranda and make an admissible confession without the presence, or consent, of counsel, parents or other responsible adults to act on his behalf. T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975). Section 39.03(3), Florida Statutes (1979), does not prohibit interrogation after the child is taken into custody and before a determination is made to release or detain the child. Doerr v. State, 383 So.2d 905 (Fla.1980). Here the child had the ability to comprehend his rights and their waiver and made a knowing and voluntary waiver of his rights and confession. The order granting the motion to suppress is reversed. Ap-pellee’s cross-appeal of the trial court’s interlocutory order denying a motion to dismiss is itself dismissed because this court does not have jurisdiction to consider it at this time. Fla.R.App.P. 9.140(b)(1); R.J.B. v. State, 394 So.2d 126 (Fla. 5th DCA 1980); State v. Clark, 384 So.2d 687 (Fla. 4th DCA 1980).
REVERSED and remanded for further proceedings.
DAUKSCH, C. J., concurs.
SHARP, J., dissents with opinion.