SHARP, Judge,
dissenting.
I dissent because this record supports the trial judge’s finding that the juvenile’s confession was not voluntary, and therefore, *49 his suppression of the confession should be sustained on appeal.
The juvenile was 15 years old. He had no adult who was friendly towards him, present during the one hour of questioning. His parents were (at that time) “adverse” to him, because the child’s mother was the person who had informed the police he was involved in the arson matter under investigation. He was detained at the police station over one hour, and then questioned in a small room at the sheriff’s department another hour by three investigators.
The court heard the tape of the child’s confession and the testimony of the police officers. It concluded that although the child was intelligent, and had been properly given “Miranda” warnings, he lacked the sophistication and the proper “mental ammunition” to know whether or not he should make a statement. The court felt the police should have inquired further than the basic Miranda warning form, to be sure the child comprehended the consequences of his statements.
Whether or not a knowing waiver of rights has occurred is a question primarily for the trial judge, and if there is support in the record, his determination should be sustained.[1] He should make his determination based on the totality of the circumstances[2] and where a child is involved, the State should bear a heavier burden to show the waiver was intelligently made.[3] A perfunctory reading of Miranda rights, as printed on a card, may not be sufficient to enable a child to make an intelligent waiver where as in this case, the child was unsophisticated and estranged from his parents.

. State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979); State v. Riocabo, 372 So.2d 126 (Fla. 3d DCA 1979).

. Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962); T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975).

. T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975); Arnold v. State, 265 So.2d 64 (Fla. 3d DCA 1972); cert. denied, 272 So.2d 817 (Fla.1973).