431 So.2d 326 (1983)
James ROLLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1437.
District Court of Appeal of Florida, Third District.
May 17, 1983.
*327 Bennett H. Brummer, Public Defender and Weiner, Robbins, Tunkey & Ross and Geoffrey C. Fleck, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and William Thomas, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Rolle, who was sixteen when the offenses were committed, appeals from convictions for armed robbery and firearm possession which occurred in the course of a brutal home invasion on February 11, 1981. Rejecting the first point on appeal, we find no error in the trial court's denial of his motion to suppress his post-arrest confession to the crime. Doerr v. State, 383 So.2d 905 (Fla. 1980); State v. Francois, 197 So.2d 492 (Fla. 1967), cert. denied, 390 U.S. 982, 88 S.Ct. 1102, 19 L.Ed.2d 1279 (1968); Tennell v. State, 348 So.2d 937 (Fla. 2d DCA 1977); T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975).
We are compelled to reverse the judgment below, however, because of the admission of entirely irrelevant and grossly prejudicial evidence, along with extensive references[1] to the fact that, during the incident, an alleged co-perpetrator, who was not tried with the appellant, had raped the lady of the house while her husband and children were nearby. Thus, although Rolle was not charged with, and there was no evidence that he was involved in the sexual battery,[2] the prosecutor told the jury in opening statement (and later established by testimony):
[MR. BAER] But [the robbery] was not enough in this case. You're going to hear testimony from [the victim] that as the final act of humiliation and degradation, one of the individuals who came in with Rolle took [her] to the bedroom and raped her.
The aggravated nature of the error involved in permitting these references to a revolting act with which the defendant had nothing to do, requires no extensive documentation. E.g. Chapman v. State, 417 So.2d 1028 (Fla. 3d DCA 1982); see Malcolm v. State, 415 So.2d 891 (Fla. 3d DCA 1982); Dillman v. State, 411 So.2d 964 (Fla. 3d DCA 1982). The same is true of the harmful effect of the evidence upon the jury *328 who may well have believed that, in order to punish someone for the sexual battery which had undoubtedly occurred, it was necessary to convict the only person on trial before them, Rolle.[3] Because the potential effect of the error was so great, and, on the other hand, the admissible evidence against the appellant was not otherwise so overwhelming,[4] we are unable to conclude that it was simply harmless. Compare Carr v. State, 430 So.2d 978 (Fla. 3d DCA 1983); Williams v. State, 425 So.2d 591 (Fla. 3d DCA 1982). A new trial is therefore required.
We will not belabor the reader or the Southern Reporter with another of the constantly-growing lists of decisions in which we have found, with "shocking frequency," Carr v. State, supra, the existence of outright prosecutorial misconduct, unjustified overkill (as in this case), or both. We must, however, express our utter dismay at this appalling situation and our frustration over our apparent inability to do anything effective about it.
Reversed and remanded.
NOTES
[1] Apparently accepting the state's position that the rape was an admissible part of the "context" of the crimes charged  which was candidly abandoned by the attorney general at oral argument  the trial court overruled the defendant's motion in limine to preclude all such evidence during the trial.
[2] The admissible evidence of the offenses with which he was charged could easily have been presented without the gratuitous and unnecessary references to the rape.
[3] The jury was not informed of the disposition of the case against Parnell Smith, who allegedly actually committed the sexual battery.
[4] In addition to the confession, there was eyewitness identification, but no physical evidence against the defendant. Rolle took the stand and categorically denied his participation in the crime and stated he had confessed as a result only of police abuse. He was entitled to have a jury assess his credibility on these issues free of the influence of the testimony concerning the rape.