ORFINGER, R.B., J.
Javion James, a juvenile two weeks shy of his eighteenth birthday, was arrested and subsequently convicted, after trial, of robbery with a firearm, possession of a short barreled rifle, battery on a person 65 years of age or older, and burglary of a structure with an assault. His sole claim on appeal is that the trial court erred in refusing to suppress his statement to the police. We affirm.
*1157 At the suppression hearing, the evidence showed that after James was arrested, he was taken to the Juvenile Assessment Center. Once James arrived at the Assessment Center, the arresting officer attempted, apparently unsuccessfully, to contact James’s mother. Detective Robert Hemmert met with James and read the Miranda warnings to him from a card. James acknowledged that he understood each warning and signed a written waiver of his rights. Hemmert then obtained the taped statement that was the subject of the motion to suppress. James testified that he dropped out of school in the ninth grade, and can barely read or spell. James contends that he did not knowingly and voluntarily waive his rights prior to the police interview. Further, James asserts that because his mother wasn’t present during the interview, his statement to the police officers should have been suppressed. Because the record supports the trial court’s ruling that James voluntarily waived his rights, we conclude that the statement was properly admitted and affirm James’s convictions.
It is well settled that law enforcement officers must give a suspect appropriate warnings under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) before conducting a custodial interrogation. The officers may then proceed with the questioning only if the suspect has waived the right to remain silent and the right to counsel. A statement made after a waiver of rights can be admitted into evidence, but the burden is on the prosecution to show by a preponderance of the evidence that the waiver was knowingly and voluntarily made. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). To demonstrate that a waiver of Miranda rights was knowing and voluntary, the evidence must show: (1) that the waiver was a free choice by the suspect, not produced by police intimidation, coercion or deception; and (2) that the waiver was made with a full awareness of the nature and consequences of the rights given up. Moran v. Burbine, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). Both issues are determined in the trial court by the totality of the circumstances test. Fare v. Michael C., 442 U.S. 707, 725, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). A trial court’s ruling on the voluntariness of a waiver of Miranda rights will not be reversed on appeal unless the ruling is clearly erroneous. Brookins v. State, 704 So.2d 576, 577-78 (Fla. 1st DCA 1997).
In the record before us, we find no evidence of coercion or improper conduct on the part of the law enforcement officers. We conclude that the evidence supports the trial court’s ruling that James was aware of the nature and consequences of his waiver. Although James was relatively uneducated, the trial court considered his educational level, along with all other circumstances surrounding his statement, in concluding that his statement was voluntarily made.
Finally, we reject James’s claim that his statement was inadmissable because the officers failed to contact his mother. As the supreme court explained in Doerr v. State, 383 So.2d 905 (Fla.1980), the failure to notify a child’s parent is relevant to the voluntariness of a statement made during police interrogation, but it does not require exclusion of the statement. There is nothing in the record to. suggest that the fact that James’s mother was absent affected the voluntariness of his statement. See also Brookins, 704 So.2d at 578. Rather, the record supports the trial court’s finding that James’s statement was made after a voluntary waiver of his rights. Therefore, we conclude the statement was properly admitted in evi *1158 dence, and James’s convictions must be affirmed.
AFFIRMED.
SHARP, W. and PALMER, JJ., concur.