PER CURIAM.
The appellant, a fifteen year old juvenile, was charged in a petition for delinquency with robbery, use of a firearm during commission of a robbery, two counts of false imprisonment, use of a firearm during commission of false imprisonment and conspiracy to commit robbery. The juvenile was adjudicated delinquent on all counts except false imprisonment and use of a firearm during commission of false imprisonment.
The record reflects that the juvenile was arrested at approximately 10:30 at night, and was transported to the Public Safety Department Homicide Office where he remained throughout the night in the company of two detectives. At approximately 6:30 the next morning, the investigating officer returned to the Homicide Office from interviewing the victims at the hospital, and proceeded to transport the juvenile to Youth Hall. The investigating officer and the juvenile arrived at Youth Hall at approximately 7:00 A. M. At 7:15 A. M., the juvenile was read his rights and interrogated, at which time a formal statement was taken.
At trial, the court denied the juvenile’s motion to suppress the statement he gave at Youth Hall after having spent the night at the Public Safety Department Homicide Office. The statement was admitted into evidence, and the juvenile was adjudicated delinquent.
As points on appeal, the juvenile contends that the court erred in denying the motion to suppress where the confession was the product of unreasonable delay in transporting the juvenile to Youth Hall in violation of Section 39.03(3)(a), Florida Statutes; where the State failed to prove the confession was voluntary and where the court failed to make a clear and unequivocal determination of voluntariness.
Section 39.03(3)(a), Florida Statutes, provides in pertinent part that when a child is taken into custody, he shall, without unreasonable delay, be delivered to the appropriate intake officer, or if the judge has so ordered, to a detention home or shelter. This is a legislative directive to the courts and other law enforcement agencies that juveniles shall be treated differently from other suspected criminals in that they shall not be taken to a police station or jail for interrogation. In Interest of A.J.A., a child, 248 So.2d 690, 692 (Fla.App.3d 1971). The purpose of the directive is that a juvenile, presumed to be inexperienced in the ways of crime, should not be subjected to the “intimidating influences of an adult police station or jail.” A.J.A., supra.
The record reflects that the juvenile court merely stated that the motion to suppress the confession is denied. This statement does not meet the requirement that the trial judge’s conclusion that the confession is voluntary appear from the record with unmistakable clarity, as provided in McDole v. State, 283 So.2d 553 (Fla.1973).
Therefore, in order to dispose of the issue of the court’s making an unequivocal and explicit finding of voluntariness, this court will relinquish jurisdiction and remand the case to the trial judge to consider and then rule explicitly on the voluntariness of the defendant’s confession with or without oral argument thereon as the judge shall choose. Promptly after an order is made on the issue of voluntariness, counsel for the juvenile shall file in this court a certified copy *425 of such order. Further proceedings shall be taken by this court on this appeal as indicated or required by the juvenile court’s order making an explicit finding of volun-tariness of the confession. See Husk v. State, 305 So.2d 19 (Fla.App. 1st 1974).
Clearly, the reasonableness of the delay in transporting the juvenile to Youth Hall, and the effect such delay may have had on him insofar as influencing him to confess, are questions for the trier of fact to decide in making his determination of voluntariness.
It is so ordered.