PER CURIAM.
The appellant, a fifteen-year old boy, was charged in a petition for delinquency with burglary of an unoccupied dwelling. He was adjudicated delinquent and committed to the Division of Youth Services for an indeterminate period, not to exceed his twenty-first birthday.
The record shows that the juvenile was taken to the Monroe County Sheriffs Department, Key Vaca Substation. There, appellant signed his name to an instrument labeled “Interrogation; Advice of Rights.” This instrument, the execution of which was witnessed by appellant’s father and a police Lieutenant Roth, purported to waive appellant’s constitutional rights to silence and an attorney. Subsequent to the execution of the waiver of rights, appellant was interrogated at the police station by officers of both the Monroe County Sheriffs Department and the Division of Youth Services. A transcript of the interrogation was made in which there does not appear any indication that appellant knowingly, voluntarily, and intelligently waived those rights which he purportedly waived by the execution of the “Advice of Rights” form. The youth was ordered detained in the Monroe County Regional Detention Center on December 8, 1977, pending an adjudicatory hearing in the case. The following day, on December 9, 1977, a petition alleging the delinquent acts of burglary and grand larceny was filed with the court.
Subsequently, appellant, through his attorney, demanded discovery from the state pursuant to Fla.R.Juv.P. 8.070. Upon learning of the existence of the statements, appellant filed a motion to suppress pursuant to Fla.R.Juv.P. 8.130(b)(3). A hearing was held on the motion immediately prior to the adjudicatory hearing on December 28, 1977. Upon hearing testimony and argument in the matter, the court denied the motion to suppress without stating its reasons therefor, nor issuing a written order of denial. The statements were admitted into evidence against appellant at the adjudicatory hearing. At the conclusion of the hearing, appellant was adjudicated delinquent as to each charge in the petition, and was committed to the Division of Youth Services. He now appeals the order of adjudication and disposition.
One of appellant’s points on appeal is that the trial court erred when it admitted into evidence the confession of appellant prior to it being proved that the statement was *484 made voluntarily, with knowledge of the consequences thereof. We find merit in appellant’s point as the record does not reflect that the confession was made voluntarily.
Therefore, in order to dispose of the issue of the court’s making an unequivocal and explicit finding of voluntariness, this court will relinquish jurisdiction and remand the cause to the trial judge to consider and rule on the voluntariness of appellant’s confession, with or without oral argument as the judge shall choose. Promptly, after an order is made on the issue of voluntariness, counsel for the juvenile shall file in this court a certified copy of such order. Further proceedings shall be taken by this court on this appeal as indicated or required by the juvenile court’s order making an explicit finding of the voluntariness of appellant’s confession. See B. M. v. State, 337 So.2d 423 (Fla. 3d DCA 1976); and Husk v. State, 305 So.2d 19 (Fla. 1st DCA 1974).
It is so ordered.