PER CURIAM.
Appellant, a juvenile, appeals his adjudication of guilt and commitment to HRS, arguing that the trial judge erred in denying his motion to suppress certain incriminating statements made to Officer Crum-mit. We agree and reverse.
Appellant was arrested in connection with a burglary by Officer Crummit. During questioning, appellant made certain incriminating oral statements and gave what was purported to be a written statement. Appellant challenges the voluntariness of the confession, arguing that Officer Crum- *14 mit did not comply with Rule of Juvenile Procedure 8.290(d)(4). The rule states:
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof.
Officer Crummit was the only person to witness appellant’s signature on the waiver of rights form.
The state argues that noncompliance with the rule of juvenile procedure is a mere technicality which should not invalidate an otherwise voluntary statement. The state urges a “totality of the circumstances” standard in judging the voluntariness of juvenile confessions similar to that used in adult criminal cases. See Jordan v. State, 334 So.2d 589 (Fla.1976) which held: “[T]here is no constitutional requirement that a waiver is valid only if written and signed in the presence of two witnesses .... ” See also State v. Francois, 197 So.2d 492 (Fla.1967); Postell v. State, 383 So.2d 1159 (Fla.3d DCA 1980); and T. B. v. State, 306 So.2d 183 (Fla.2d DCA 1975), pertaining to the totality of the circumstances standard in juvenile cases.
In the case before us, appellant can neither read nor write except to sign his name. His purported written statement is completely unintelligible. There is no way one can decipher its meaning. At the suppression hearing Officer Crummit testified he could not understand the written statement since it was not in sentence form. Appellant testified he told Crummit he could not read or write. Crummit could not remember whether appellant told him this or not.
Regarding the oral statement, Crummit testified he read appellant his rights from a Miranda warning form, but he did not read the waiver of rights section. The officer stated that he explained the waiver section to appellant and gave him the form to read and sign.
Giving an illiterate juvenile a waiver of rights form to read and sign is, to say the least, a totally useless act. A more thorough inquiry as to appellant’s ability to read and comprehend the waiver would have revealed the futility of the act. To safeguard the rights of the accused and to assist the state in showing the voluntariness of waivers of counsel, the supreme court has mandated by rule that two witnesses attest to the voluntary execution of a juvenile’s waiver of his right to counsel. We are convinced under the facts of this case that the failure to comply with the rules of juvenile procedure in conjunction with appellant’s inability to read or write invalidates his confession. In juvenile cases the state bears a heavy burden in establishing that the waiver was intelligently made. T. B. v. State, supra. We conclude that the state did not carry its burden of proving that appellant voluntarily and intelligently waived his right to counsel.
Accordingly, the judgment is reversed and the cause is remanded for further proceedings.
SHAW and WENTWORTH, JJ., concur.
ERVIN, J., dissenting with opinion.