JOANOS, Judge.
In this appeal of a juvenile adjudication and commitment to the Department of Health and Rehabilitative Services, S.L.W. contends the evidence was insufficient as a matter of law to sustain a conviction for burglary, and that the court erred in overruling a defense objection to admission of testimony by a police officer as to inculpa-tory statements by S.L.W. to him, because the alleged waiver of counsel by S.L.W. prior to discussion with the officer did not comply with Fla.R.Juv.P. 8.290(d)(4), and the waiver was otherwise involuntary. As to the first issue, we have determined from a review of the record that the evidence was sufficient as a matter of law to sustain the burglary conviction, however, we agree with S.L.W. as to the second issue and ^therefore reverse.
Officer Padgett said that before questioning S.L.W. he informed him of his rights, including the right to assistance of counsel, and S.L.W. appeared to understand them. Officer Padgett did not obtain from S.L.W. a written waiver of the right to counsel. Fla.R.Juv.P. 8.290(d)(4) provides:
A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof, (e.s.)
In the present case the lower court was of the view that this rule applied only to waivers before the court, the public defender, or an intake officer, but was not applicable to police officers in general, therefore he overruled S.L.W.’s objection. The State reasserts this argument and also contends that Section 39.03(l)(b) rather than the rule of procedure governs this case. This interpretation is incorrect. The rule applies to situations involving police officers and therefore to the present case. In addition, compliance with the rule is mandatory, see M.L.H. v. State, 399 So.2d 13 (Fla. 1st DCA 1981). The failure to comply in this case renders inadmissible the inculpatory statements, which defense counsel sought to *587 suppress, made by S.L.W. to the police officer. Therefore the order of adjudication and commitment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
ERVIN, C.J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.