448 So.2d 1049 (1984)
STATE of Florida, Appellant,
v.
Harold Bennon CARTWRIGHT, Appellee.
Nos. 83-614, 83-615.
District Court of Appeal of Florida, Fourth District.
February 22, 1984.
*1050 Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellant.
Leon St. John of Powell, Tennyson & St. John, P.A., West Palm Beach, for appellee.

OPINION ON REHEARING
HERSEY, Judge.
We originally affirmed the orders of the trial court suppressing inculpatory statements confessing involvement in two separate robberies, 447 So.2d 1368. The first order, in our case number 83-615, involved a robbery on April 14, 1982, and as to that order and our affirmance without opinion, we deny rehearing.
With reference to the second order involving a robbery which occurred on April 16, 1982, (our case number 83-614), the trial court based suppression on violations of Section 39.03, Florida Statutes (1981) and Rule 8.290(d)(4), Florida Rules of Juvenile Procedure.
The statute in question provides, in pertinent part:
(3) If the person taking the child into custody determines, pursuant to s. 39.032(2), that the child should be detained or released to a crisis home, that person shall make a reasonable effort to notify immediately the parents or legal custodians of the child and shall, without unreasonable delay, deliver the child to the appropriate intake officer or, if the court has so ordered, to a detention home or crisis home. Upon delivery of the child to such place, the person taking the child into custody shall make a report in writing to the appropriate intake officer... .
§ 39.03(3), Fla. Stat. (1981). It has been established that this statute does not render *1051 the confession of a juvenile, where notice has not been given as provided, inadmissible per se. Doerr v. State, 383 So.2d 905 (Fla. 1980); Batch v. State, 405 So.2d 302 (Fla. 4th DCA 1981). The juvenile in this case was arrested together with his stepfather and his mother did not live in the city. Both these factors must be considered by the trial court in making a determination that the confession was rendered inadmissible by violation of the statute. The trial court's application of a per se inadmissible rule in light of the foregoing was error.
Rule 8.290(d)(4) of the Florida Rules of Juvenile Procedure provides:
A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof.
Again the trial court applied an inadmissible per se standard, ruling the confession involuntary. The state argues that the rule is invalid as applied to the actions of police officers who obtain a confession from a juvenile where counsel has not been waived in a writing attested by two witnesses. The reasons given are that the rules of juvenile procedure govern only procedures in the circuit court (Rule 8.010, Florida Rules of Juvenile Procedure) and that imposition of a rule governing the conduct of law enforcement personnel constitutes a constitutionally impermissible encroachment upon the legislative and/or executive branches by the judiciary. Both reasons are compelling in the posture in which they are presented. However, it seems reasonably clear that the judicial branch does have the constitutional authority to impose a rule of evidence rendering a waiver of counsel invalid or a confession inadmissible for violation of court imposed rules. From that aspect the state's position loses much of its potency.
Regardless, we are of the view that such a rule of inadmissibility per se should emanate from the supreme court rather than from a district court of appeal. This seems particularly appropriate in view of the 1982 amendment to Article I, Section 12 of the Florida Constitution, by the citizens of Florida, which provides that Florida's exclusionary rule be interpreted in conformity with the United State's Supreme Court's interpretation of the Fourth Amendment to the United States Constitution.
Accordingly, we grant rehearing as to the order in appeal number 83-614 and reverse the ruling that the confession was involuntary for technical violations and therefore inadmissible. Violation of the notice requirement does not render a confession inadmissible per se. Doerr, 383 So.2d at 905. Neither does violation of the rule requiring two witnesses attesting to a waiver of counsel (in an out-of-court context). Jordan v. State, 334 So.2d 589 (Fla. 1976); In re H.D., 443 So.2d 410 (Fla. 4th DCA 1984). Our determination based on Jordan and In re H.D., creates a direct (hereby made express) conflict with S.L.W. v. State, 445 So.2d 586 (Fla. 1st DCA 1983).
If the objectionable confession is to be offered into evidence in a trial of the juvenile, it will be incumbent upon the trial court to make an independent inquiry into the voluntariness of the confession prior to such admission. B.M.V. v. State, 362 So.2d 483 (Fla. 3d DCA 1978). See M.A. v. State, 384 So.2d 740 (Fla. 2d DCA 1980) which discusses the advantages of a separate hearing on the issue of voluntariness. That determination is to be based upon the totality of the circumstances surrounding the taking of the confession followed by a specific finding on the record as to whether or not it was voluntarily given. Jordan, 334 So.2d at 589; and see Villar v. State, 441 So.2d 1181 (Fla. 4th DCA 1983).
We deny rehearing in case number 83-615. We grant rehearing in case number 83-614 and reverse the order suppressing the confession as to the robbery of April 16, 1982, and remand for further proceedings.
BERANEK and DELL, JJ., concur.