PER CURIAM.
The adjudication of delinquency under review is affirmed based on the following holdings: (1) the trial court, as the trier of fact, was not required to find, as urged, that the juvenile requested counsel 'prior to his confession to the police because the juvenile’s testimony below on this subject, which admittedly is unrefuted, does not establish this fact (Tr. 14), Von Horn v. State, 334 So.2d 43, 46 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1086 (Fla.1977); (2) as we have held in another opinion filed this day and involving the same issue, there is, in our view, no requirement that a Miranda waiver from a juvenile be in writing, T.J. v. State, 460 So.2d 568 (Fla. 3d DCA 1984); see State v. Cartwright, 448 So.2d 1049 (Fla. 4th DCA 1984); In re H.D., 443 So.2d 410 (Fla. 4th DCA 1984); see also Jordan v. State, 334 So.2d 589 (Fla.1976); contra S.L.W. v. State, 445 So.2d 586 (Fla. 1st DCA 1983); and (3) the juvenile was otherwise fully apprised of his right to counsel and right to remain silent, the juvenile voluntarily waived those rights notwithstanding a prior assertion of the right to remain silent, and the trial court properly admitted the juvenile’s confession in evidence below, Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 *563 L.Ed.2d 694 (1966); Mullings v. State, 452 So.2d 1010 (Fla. 3d DCA 1984).
Affirmed.