NIMMONS, Judge.
In these consolidated cases, the State appeals from the trial court’s orders granting each appellee’s motion to suppress oral and written inculpatory statements made at the time of her arrest on charges of armed robbery, kidnapping and grand theft. The motions to suppress alleged, among other things, that the statements were obtained without written waiver of counsel pursuant to Fla.R.Juv.P. 8.290(d)(4), which provides in part that “... a waiver made out of court shall be in writing with not less than two attesting witnesses.” The testimony of the arresting officers presented at the suppression hearing established that each appellee properly was advised of her constitutional rights, including the right to counsel, and voluntarily waived such right, although a written waiver was not obtained. The trial court granted the motions to suppress on the basis of the state’s failure to comply with the written waiver requirement of Rule 8.290(d)(4). We affirm.
This court in S.L.W. v. State, 445 So.2d 586 (Fla. 1st DCA 1984), unequivocally held that compliance with Rule 8.290(d)(4) is mandatory, and the failure to comply therewith renders inculpatory statements inadmissible. See also M.L.H. v. State, 399 So.2d 13 (Fla. 1st DCA 1981). The holding in S.L.W. is in conflict with the position taken by the Fourth District in In the Interest of H.D., 443 So.2d 410 (Fla. 4th DCA 1984), and State v. Cartwright, 448 So.2d 1049 (Fla. 4th DCA 1984). In S.L.W., we certified conflict with H.D. to the Florida Supreme Court. Review of S.L. W. and H.D. is pending in that Court. State v. S.L.W., (Fla.S.Ct. case no. 65,021); In the Interest of H.D., (Fla.S.Ct. case no. 64,796). We also note that the Third District, citing Cartwright and H.D., recently held that a juvenile’s waiver of counsel is not required to be in writing. T.J. v. State, 460 So.2d 568 (Fla. 3d DCA 1984); C.T. v. State, 460 So.2d 562 (Fla. 3d DCA 1984).
Were it not for this court’s earlier decisions in S.L. W. and M.L.H., this panel would likely reverse the suppression orders in the instant ease for the same reasons which have apparently guided our sister courts. However, we are not inclined to force the issue through the en banc process in this court inasmuch as the issue will apparently be authoritatively resolved in H.D. and S.L. W. which, as we have pointed out, are now pending in the Florida Supreme Court. Accordingly, we affirm the trial court’s orders and, as we did in S.L.W., certify conflict and the following question to be of great public importance:
Whether the failure to comply with Fla. RJuv.P. 8.290(d)(4) renders inadmissible inculpatory statements obtained from a child absent a valid written waiver of counsel obtained pursuant to that rule?
ERVIN, C.J., and SMITH, J., concur.