465 So.2d 1231 (1985)
STATE of Florida, Petitioner,
v.
S.L.W., a Child, Respondent.
No. 65021.
Supreme Court of Florida.
March 14, 1985.
Jim Smith, Atty. Gen. and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for petitioner.
*1232 Michael E. Allen, Public Defender and Charlene V. Edwards, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
PER CURIAM.
The State of Florida petitions for review of S.L.W. v. State, 445 So.2d 586 (Fla. 1st DCA 1983), wherein the district court certified the following question:
Whether the failure to comply with Fla. R.Juv.P. 8.290(d)(4)[[*]] renders inadmissible inculpatory statements obtained from a child absent a valid waiver of counsel obtained pursuant to that rule?
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and we answer in the negative.
The issue is whether a juvenile can validly waive his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), without doing so in writing with two attesting witnesses. We held in Jordan v. State, 334 So.2d 589 (Fla. 1976), that the corresponding Florida Rule of Criminal Procedure 3.111(d)(4) imposes no such requirement, and we see no need to hold otherwise regarding the juvenile rules. The Miranda decision imposes no such requirement:
[T]he determination whether statements obtained during custodial interrogation are admissible against the accused is to be made upon an inquiry into the totality of the circumstances surrounding the interrogation, to ascertain whether the accused in fact knowingly and voluntarily decided to forgo his rights to remain silent and to have the assistance of counsel.
This totality-of-the-circumstances approach is adequate to determine whether there has been a waiver even where interrogation of juveniles is involved. We discern no persuasive reasons why any other approach is required where the question is whether a juvenile has waived his rights, as opposed to whether an adult has done so. The totality approach permits  indeed, it mandates  inquiry into all the circumstances surrounding the interrogation. This includes evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights.
Fare v. Michael C., 442 U.S. 707, 724-25, 99 S.Ct. 2560, 2571-72, 61 L.Ed.2d 197 (1979) (citations omitted).
S.L.W.'s first statement, given in the driveway of the temporary foster family with whom he was staying, not only has the attributes of voluntariness, but also lacks the characteristics of custody. Assuming without deciding that his second statement given at the police station in the presence of a second police officer was custodial, it also appears to have been given voluntarily. Officer Padgett testified that he readvised S.L.W., age fourteen, of his rights, that he asked the same questions he had previously asked, that he tried to avoid frightening him and that S.L.W. "carried on a conversation and had a vocabulary as great as if not greater than mine. He seemed to know what the words meant." At the conclusion of questioning, S.L.W. was taken back home. We conclude that his waiver was knowingly and intelligently given as required by Miranda.
We quash the decision of the district court and remand with directions that the judgment of the trial court, adjudicating S.L.W. delinquent and committing him to the Department of Health and Rehabilitative Services, be reinstated.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof.