COBB, Chief Judge.
The appellee, Alvin Andrew Clayton, a minor, was questioned at his high school by the police, in the presence of the principal, about a burglary. After receiving Miranda [1] warnings, he admitted his involvement. This occurred in September, 1984, at which time Florida Rule of Juvenile Procedure 8.290(d)(4) provided:
A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof.[2]
The state failed to obtain a written waiver. Clayton was charged with various counts of burglary and theft. His motion to suppress his admissions was granted by *437 the trial court, and at the conclusion of the hearing the following colloquy occurred:
THE COURT: With regard to the motion to suppress filed by the public defender’s office, ... I’m going to grant the motion to suppress. I have read the law provided by counsel and understand the distinction between per se inadmissibility and viewing the surrounding circumstances, and based upon my understanding of those cases and the rule, I will grant the motion to suppress.
MR BRADLEY (Assistant State Attorney): Your Honor, for the record, can I ask whether the Court is granting that motion on the basis of involuntariness or the violation of the procedure of Juvenile Rule of Procedure?
THE COURT: I don’t think I need to make that distinction. I think that the facts should be — the facts when applied to the law in this case support my decision.
Although the trial court declined to make the distinction requested by the state, it is apparent from the record that the court’s determination was based on violation of the rule, rather than any finding of involuntariness of the statements. In March, 1985, the Florida Supreme Court quashed the decision relied upon at the hearing by defense counsel, S.L.W. v. State, 445 So.2d 586 (Fla. 1st DCA 1983). See State v. S.L.W., 465 So.2d 1231 (Fla.1985). In that case, the First District had held that Rule 8.290(d)(4) was mandatory and statements taken in violation thereof were per se inadmissible. The Florida Supreme Court answered in the negative the certified question:
Whether the failure to comply with Fla. R.Juv.P. 8.290(d)(4) renders inadmissible inculpatory statements obtained from a child absent a valid waiver of counsel obtained pursuant to that rule?
As did the Florida Supreme Court in S.L.W., we have reviewed the instant record and find no substantial evidence that Clayton’s statements were involuntary. He was sixteen years old at the time, and was not threatened or coerced in any way. He expressly acknowledged in a tape-recorded statement that his statements to the police were knowing and voluntary.
REVERSED and REMANDED for further proceedings consistent with this opinion.
UPCHURCH and COWART, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. This rule was amended effective January 1, 1985, eliminating the requirement of a written waiver. See Petition of the Florida Bar to Amend the Florida Rules of Juvenile Procedure, 462 So.2d 399 (Fla.1984).