PER CURIAM.
The State appeals from an order granting the defendant’s motion to suppress his confessions, admissions, and statements.
*675 The order suppressing evidence is reversed, and the cause remanded for further consistent proceedings.
*674 The defendant was arrested pursuant to an informant’s tip that he and two others were responsible for a homicide. During *675 an initial interrogation the defendant denied any involvement in the crime and signed a Notice of Defendant’s Invocation of the Right to Counsel. The defendant later contacted detectives at the City of Miami Homicide Office, indicating a willingness to talk. Before questioning the defendant a second time, the detectives gave the defendant Miranda warnings. The defendant signed a form waiving his right to counsel during the interview and then gave the same exculpatory statement that he had previously given. After one of the detectives commented that the defendant was wasting their time the defendant broke down and told of his part in the homicide. When the detectives tried to get a formal written statement, the defendant indicated that he did not understand the invocation of rights and attorney waiver forms, and he asked for his attorney.
Where the defendant, after invoking his right to counsel, reinstituted contact with the police, there was no violation of his constitutional rights. Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378, 386 (1981). The defendant’s refusal to make a written statement without his attorney being present did not negate his willingness to speak after he had been given his Miranda rights again, which he fully understood. Connecticut v. Barrett, — U.S. -, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987).
The defendant admitted to peripheral participation in the offense being investigated on a mistaken belief that as the driver of the getaway car he could not be convicted of the substantive offense. The fact that an accused misunderstands the legal consequences of certain actions, which he otherwise freely acknowledges to have been committed by him, makes the admission or confession no less willing or admissible as evidence. Connecticut v. Barrett, — U.S. at -, 107 S.Ct. at 833, 93 L.Ed.2d at 929 (defendant’s ignorance of the full consequences of his decisions does not vitiate their voluntariness).