PER CURIAM.
Appellant, Z.F.B., a juvenile, appeals multiple adjudications of delinquency based on three separate petitions charging appellant with crimes stemming from his participation in several burglaries. We affirm.
Appellant was suspected of being involved in several burglaries. Pursuant to an investigation of the burglaries, a police officer went to appellant’s home and asked *1032 his mother for permission to interview appellant. Appellant’s mother, who was terminally ill, gave the police officer permission to question the juvenile outside of her presence. The mother also advised the police officer that appellant had a legal guardian.
The police officer questioned the juvenile in the living room of the house while appellant’s mother remained in the bedroom. In the living room, in open view, the officer observed several of the items stolen in the burglaries.
Before questioning appellant, the officer orally advised appellant of his Miranda rights. During the questioning, the police officer offered to help appellant with his problems and appellant gave a statement. That statement was ultimately suppressed by the court based on the possibility of coercion by the officer’s promise to help appellant.
After appellant’s initial statement, appellant was taken to the police station where he was given written Miranda warnings. Appellant then requested the presence of an attorney. He was placed in a holding cell and a police officer telephoned the person who the mother indicated was appellant’s legal guardian. We note that appellant contends that he has no legal guardian.
Appellant’s purported legal guardian arrived at the station shortly thereafter. The guardian was then given an opportunity to speak privately with appellant in an office. After speaking for some time, appellant and the guardian exited the office. The guardian then told the officer that appellant wanted to speak to the officer.
Appellant was given a written Miranda form which he read and signed. Appellant then gave the police a taped statement admitting to his participation in the crimes.
Appellant contends that the statement given at the police station should have been suppressed because his waiver was not knowing and voluntary. As grounds for suppression, appellant alleges that no evidence was presented at trial as to whether appellant could read and write, and therefore understand Miranda. Appellant further contends that the statement should be suppressed because it was obtained after appellant asserted his right to counsel and without the benefit of parental counsel or consent.
Appellee, the State, asserts that appellant’s confession was knowing and voluntary, and that he had intelligently waived his rights, because testimony showed that appellant was regarded as an exceptional student in his school. The State also argues that appellant himself indicated he could read and write and understand what he was reading.
The record reveals that appellant’s rights, in not having his mother present during questioning, were not violated because the police obtained his mother’s permission to question him outside of her presence. Further, even though the mother’s consent had been obtained, the police gave appellant access to his guardian. No evidence was presented to contradict the assertion that he had a legal guardian.
The record also reveals that immediately upon the appellant’s request for counsel, the questioning ceased, and the guardian was contacted. On the guardian’s own initiative, the guardian came to the station and spoke with appellant.
We find sufficient evidence on the record to support the trial court’s ruling that appellant had the ability to comprehend the meaning and effect of waiving his rights. T.B. v. State, 306 So.2d 183 (Fla. 2d DCA 1975). Therefore, appellant’s written waiver was knowing and voluntary. Accordingly, we find the statement was properly admitted.
We further find that the police properly suspended appellant’s questioning upon his request for an attorney. However, we also find that it was appellant who reinstituted contact with police after his request for an attorney, and therefore his confession, after again being advised of his Miranda rights, was voluntary. See Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Long v. State, 517 So.2d 664 (Fla. 1987), cert. denied, 486 *1033 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988); State v. Ferrer, 507 So.2d 674 (Fla. 3d DCA 1987).
Accordingly we affirm.
COPE and GERSTEN, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
Since it is undisputed that, after Z.F.B. requested an attorney, it was not he, but his “guardian,” supplied to him apparently for that purpose by the police, who requested the recommencement of questioning, I would hold his subsequent statements must be suppressed under Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378, 386 (1981) (“[A]n accused ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.” [e.s.]) and Minnick v. Mississippi, — U.S. -,-, 111 S.Ct. 486, 491, 112 L.Ed.2d 489, 498 (1990) (“[W]hen counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney.”). Accordingly, I would reverse the adjudications under review.