607 So.2d 502 (1992)
Alan RIMPEL, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1790.
District Court of Appeal of Florida, Third District.
November 10, 1992.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy Ginsberg Shanock, Asst. Atty. Gen., for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Alan Rimpel (Rimpel), appeals his conviction and sentence for first degree *503 murder and attempted armed robbery. We affirm.
Detectives went to fifteen-year-old Rimpel's home after receiving information that he shot someone. Since Rimpel was not home at the time, he later called the police station and told a detective he would speak to the police. Shortly thereafter, the police arrived at Rimpel's house and asked Rimpel if he would go to the station to talk about the homicide. Rimpel agreed. Rimpel's father was invited to accompany his son, but declined.
Rimpel arrived at the station at about noon, was advised of his constitutional rights, and signed a form waiving those rights. Rimpel was placed in an interrogation room to be questioned by one detective. Throughout the interrogation, the detective left the room several times to speak to other witnesses. Additionally, the detective brought sandwiches and sodas for himself and Rimpel. By 9:30 PM, the intermittent interrogation ended, and Rimpel confessed to shooting the victim.
Rimpel moved to suppress his statement. The trial court denied the motion.
Rimpel contends that the trial court erred in denying the motion to suppress his confession because Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), dictates that Rimpel's confession was not voluntary. The State contrarily asserts that the totality of the circumstances indicates that Rimpel's confession was voluntary.
In Haley, the Supreme Court excluded a confession of a fifteen-year-old defendant who was arrested and interrogated without being informed of his rights. In this case, Rimpel was not arrested. Additionally, he voluntarily agreed to go to the station, where he was informed of, and signed a waiver of, his constitutional rights.
Further, in Haley, the juvenile was held incommunicado for over three days. During this time, the juvenile was denied access to his attorney. Also, the juvenile's mother was not allowed to see him until five days after the arrest. Contrastingly, here, Rimpel was not denied access to an attorney or his parents.
Lastly, in Haley, the juvenile defendant was questioned constantly by relay teams of one or two police officers. Here, Rimpel was questioned by one officer, who took occasional breaks to interview other witnesses and to get food for Rimpel.
The admissibility of a juvenile confession depends upon the "totality of circumstances" under which it was made. Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962); Doerr v. State, 383 So.2d 905 (Fla. 1980); Hall v. State, 421 So.2d 571 (Fla. 3d DCA 1982), review denied, 430 So.2d 452 (Fla. 1983). The burden is on the State to show by a preponderance of the evidence that the confession was freely and voluntarily given and that the rights of the accused were knowingly and intelligently waived. Thompson v. State, 548 So.2d 198 (Fla. 1989); McDole v. State, 283 So.2d 553 (Fla. 1973).
After examining the totality of the circumstances, we conclude that Rimpel's confession was voluntary. Although Rimpel was only fifteen years old and was intermittently questioned for approximately nine hours, the other relevant factors demonstrate that the confession was voluntary. Accordingly, we affirm.
Affirmed.