630 So.2d 1242 (1994)
John DIXON, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1875.
District Court of Appeal of Florida, Third District.
February 1, 1994.
Bennett H. Brummer, Public Defender, and Richard D. Tannenbaum, Palm Beach, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before HUBBART,[1] COPE and GODERICH, JJ.
PER CURIAM.
John Dixon appeals his conviction for trafficking in four or more grams of heroin and resisting an officer without violence. We affirm.
The question before us is whether the trial court abused its discretion in denying the defendant's motion for mistrial. "[A] mistrial is appropriate only when the error committed was so prejudicial as to vitiate the entire trial." Duest v. State, 462 So.2d 446, *1243 448 (Fla. 1985) (citation omitted). Whether a mistrial must be granted depends upon the circumstances of the particular case. Mabery v. State, 303 So.2d 369, 370 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 756 (Fla. 1975).
In the present case the police officer testified that he conducted drug surveillance at a housing project. He saw the defendant and another person conduct a drug transaction, but because the officer was due to be in court, he left the area and did not make an arrest at that time.
Later in the same day, the officer again observed the defendant at the same location. He observed another drug transaction, at which time the defendant was arrested. The officer testified that after the arrest, he said to the defendant, "Mr. Dixon, you're at it again." The defendant moved for a mistrial, which the trial court denied.
We find no error in the trial court's ruling. The trial court could reasonably conclude that "you're at it again" would be interpreted by the jury to refer to the morning drug transaction which the police officer had just testified about. Given those facts, there was no abuse of discretion in the denial of the motion for mistrial.
The defendant argues that the officer's statement violated the trial court's order in limine issued at the outset of trial. Obviously, the trial court did not agree. The order in limine prohibited reference to prior arrests. It specifically allowed testimony about the officer's prior contact with defendant. It was for the trial court to interpret its own order in limine, and the court plainly concluded that the order in limine had not been violated.
Finally, in view of the physical evidence and the incriminating statements by defendant which were in evidence, any arguable error was entirely harmless.[2]
As to the second point on appeal, we find no error with regard to the determination of the weight of the contraband. See Ross v. State, 528 So.2d 1237, 1240 (Fla. 3d DCA), review denied, 537 So.2d 569 (Fla. 1988).
Affirmed.
HUBBART and COPE, JJ., concur.
GODERICH, Judge (dissenting).
I respectfully dissent. I do not believe that this court should condone this flagrant and seemingly intentional violation of an in limine order.
This is the second time the defendant, John Dixon, is on trial for the same offense. At the first trial, the trial court granted the defendant's motion for mistrial because the State's witness, Officer Kevin Knowles, told the jury that he had previously arrested the defendant.
At the second trial, before a different judge, the defendant's request for a motion in limine was granted. The trial court ruled that "[t]here will be no reference to prior arrests of the defendant by the police officers." The trial court, however, stated that the police officers could "testify that they had prior contact with Mr. Dixon and were acquainted with him."
The State once again called Officer Knowles as its first witness. Officer Knowles testified that he is assigned to a drug interdiction unit working the area where the defendant was arrested, and that he had been on that job for two years when Mr. Dixon was arrested for the offense for which he was on trial.
Officer Knowles further testified that on the day of the defendant's arrest, he saw the defendant and another male conduct a "transaction," but he did not arrest the defendant at that time because he was due in court. Officer Knowles had no further contact with the defendant that morning.
Officer Knowles stated that later that same day he observed the defendant at the *1244 same location. According to Officer Knowles, he observed a man walk up to the defendant and give the defendant money. Thereafter, he saw the defendant reach into a brown bag and give the man an item which he could not identify. Officer Knowles then advised two other officers what he observed. He told the two officers that the man had just made a "buy" and that they should arrest the defendant. There were no other arrests made at the scene or later on.
The next contact that Officer Knowles had with the defendant, according to his testimony, was back at the police station. Next, in the presence of the jury, the following transpired during the State's case-in-chief:
Q. When was the next time, Officer, that you made any kind of contact with Mr. Dixon?
A. Back at the station.
Q. And what was the nature of the contact back at the station?
A. I went in and I read his rights. Mr. Dixon, you're at it again.

Q. Let me stop you 
The defendant objected and requested a mistrial. The trial court denied the request.
First, the officer's statement violated the spirit of the unambiguous in limine order. Further, the statement, "you're at it again," coupled with the jury's knowledge that Officer Knowles was assigned to apprehend drug pushers, clearly conveyed to the jury that the defendant had committed the same offense in the past. The reference to similar crimes perpetrated by the defendant was presumptively harmful error. Castro v. State, 547 So.2d 111 (Fla. 1989); see also Peek v. State, 488 So.2d 52 (Fla. 1986); Paul v. State, 340 So.2d 1249 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977). There is no showing that the evidence of other crimes had any relevance, other than to prove bad character or propensity. See § 90.404(2)(a), Fla. Stat. (1989). We cannot say beyond a reasonable doubt that the error did not affect the verdict. State v. Lee, 531 So.2d 133 (Fla. 1988).
The majority argues that the comment on the defendant's character and past crimes was not prejudicial because the defendant testified that he had five prior felony convictions. The defendant only testified to felony convictions, not felony convictions for trafficking in heroin. The clear import of the officer's statement was that the defendant was at "it" again meaning that he was "trafficking in heroin" again.
Moreover, character evidence is only admissable when the defendant first puts his own character at issue. § 90.404(1)(a), Fla. Stat. (1989). At the time of Officer Knowles' prejudicial comment, which clearly violated the in limine order, the defendant had not put his character at issue since the prejudicial comment was made during the State's case-in-chief. Therefore, at that time, reversible error occurred and the trial court should have granted the defendant's request for a mistrial.
Accordingly, in light of the State's flagrant violation of the trial court's order excluding past crimes evidence, the prior mistrial, and the fact that Officer Knowles made the comment seemingly intentionally and gratuitously, it is not appropriate to consider the error harmless because the defendant later acknowledged prior felony convictions.
NOTES
[1] Judge Hubbart did not hear oral argument.
[2] In addition, the defendant elected to testify in the case. Given the overwhelming evidence against him, that choice was quite understandable. During his testimony, he conceded that he had five prior felony convictions. Assuming arguendo that the officer's statement was susceptible of being interpreted as a reference to defendant's prior record  and viewed in context, we do not think it was susceptible of that interpretation  it was insignificant in view of the defendant's own specific testimony regarding his prior record.