W. SHARP, Judge.
appeals from a judgment and sentence after being found guilty of second degree murder,[1] robbery,[2] burglary of a dwelling,[3] false imprisonment,[4] and battery.[5] These convictions arose out of a home bur-burduring the course of which one occu-occuwas killed and another wounded. Addi-Addiargues his confession (originally taped and transcribed into a written document, which was used as evidence against him at trial) should not have been admitted because it violated his Sixth Amendment right.[6] We disagree and affirm.
After Addison had been arrested for the crimes involved in this ease, he was being held at the Lake Butler prison facility in Bartow, Florida. Detective Hoard testified at trial that he received an anonymous telephone call from a woman, who told him that Addison wanted to speak to him. A public defender had been appointed previously to represent Addison. Hoard did not contact Addison’s attorney prior to going to Lake Butler.
Hoard first filled out a form which allowed him to speak to Addison and Addison signed it. Then Hoard and Hancock, an officer at the prison who served as liaison between Hoard and Addison, sat down and talked with Addison. This conversation was taped, later transcribed and admitted as evidence at trial. Prior to the inception of this conversation, Hoard advised Addison of his Fifth Amendment rights.[7]
During this conversation Addison told Hoard and Hancock that he had called his girlfriend, and asked her to make contact with Hoard, to tell him Addison wanted to talk with him. Hancock testified at trial that Addison admitted to him “I’m the one that wanted to see him [Hoard].” Hoard also testified at trial as to these essential facts, and further asserted that Addison told him he wanted to make a taped statement and he wanted it sent to the State Attorney’s Office.
Addison argued the confession should not have been admitted at trial because its admissibility turns on anonymous hearsay statement that Addison initiated the contact and interview with Hoard, after he had invoked his Sixth Amendment rights and was represented by an attorney. After an accused’s right to counsel has been invoked, Traylor v. State, 596 So.2d 957 (Fla.1992) mandates the state must make a clear showing that a defendant initiated such an interview. See also Rimpel v. State, 607 So.2d 502 (Fla. 3d DCA 1992), rev. denied, 614 So.2d 503 (Fla.1993).
We agree with the trial court that the state produced clear record evidence that Addison initiated the contact and conversation with Hoard. If this proof turned solely on Hoard’s testimony that he had been contacted by an anonymous woman, then Addison’s argument might have merit. However both Hoard and Hancock testified that Addison told them he initiated the contact through his girlfriend, and admitted to both of them he wanted to talk to Hoard. These statements by Addison were clearly admissible as an exception to the Hearsay Rule.
Section 90.803(18) provides:
[T]he following are not inadmissible as evidence, even though the declarant is available as a witness:
[[Image here]]
*484 (18) Admission. A statement that is offered against a party and is:
(a) His own statement in either an individual or a representative capacity.
Such statements by a party were historically admissible as substantive evidence.[8] They continue to be so under the Evidence Code. Such a statement, made by a party, and proffered by the opposing party, is admissible whether or not the statement was against his or her interest at the time the statement was made. As Professor Eh-rhardt explains, this exception to the hearsay rule should be called the “statement by a party opponent.” Ehrhardt, Florida Evidence (1995) at 677. In any event, Addison’s statements that he initiated contact with Hoard and wanted to talk with him, were in fact contrary to his own interests, since at the time he made them, they resulted in a waiver of his Sixth Amendment rights.
AFFIRMED.
HARRIS, C.J., and GOSHORN, J., concur.

. § 782.04, Fla.Stat. (1991).

. § 812.13, Fla.Stat. (1991).

. § 810.02, Fla.Stat. (1991).

. § 787.02, Fla.Stat. (1991).

. § 784.03, Fla.Stat. (1991).

. U.S. Const., amend. VI.

. U.S. Const., amend. V.

. Ehrhardt, Florida Evidence (1995) at 675.