PER CURIAM.
In this consolidated appeal, Excellus Hyland appeals his judgments of conviction and sentences for five counts of armed robbery and four counts of aggravated battery. We affirm Hyland’s convictions, but remand for resentencing.
Hyland was arrested in connection with a thrift store robbery and two separate robberies at the drive-throughs of fast food restaurants. He first asserts error in the trial court’s denial of his motions to suppress his confession at all three trials. Although Hyland was fifteen years of age at the time, we affirm the denials. See Rimpel v. State, 607 So.2d 502, 503 (Fla. 3d DCA 1992) (upholding the confession of a fifteen year old juvenile).
Hyland next argues that his motion for mistrial made at the trial for the thrift store robberies should have been granted because the court intervened to question an eyewitness, leaving the jury with the impression that the court sided with the prosecution. A trial judge should be circumspect in the questioning of a witness in the middle of a defendant’s cross-examination. Given the judge’s stat *1039 ed reasons that the witness was confused and that the jury was given the wrong impression, the court should have waited until the end of the state’s re-direct examination to clarify the matter. A trial judge should weigh the danger of creating the wrong impression with the jury as to the judge’s impartiality against the witness’ lack of clarity. We conclude, however, that the court’s actions were not so detrimental so as to vitiate the entire trial. See Pagan v. State, — So.2d-, 27 Fla. L. Weekly S299, 2002 WL 500315 (Fla.2002) (“A motion for a mistrial should only be granted when an error is so prejudicial as to vitiate the entire trial.”).
Hyland also argues that the trial court erred in denying his second motion for mistrial, also made at the trial for the thrift store robberies, because the State elicited hearsay testimony that was harmful to him. We disagree. The single improper hearsay remark, to which the trial court sustained an objection and gave a curative instruction, was not so prejudicial as to deny Hyland a fair trial. See Dixon v. State, 630 So.2d 1242,1243 (Fla. 3d DCA 1994).
Hyland further argues that at the trial for the first drive-through robbery, the trial court erred in refusing to give the jury an additional instruction. After being charged, the jury asked the court for a clarification on the effect of age on an individual’s ability to offer a confession. The court did not give the jury any additional instruction. Instead, the original jury instruction was read again.
The offering of additional instructions is within the trial court’s discretion. Florida Rule of Criminal Procedure 3.410(a) does not require that additional jury instructions be given when the jury poses a question to the court. Thus, the trial court did not abuse its discretion by only repeating the original instructions.
We do agree, however, and the State properly concedes, that Hyland was improperly sentenced under the 1995 guidelines invalidated in Heggs v. State, 759 So.2d 620 (Fla. 2000) for the thrift store robberies (lower tribunal case no. 97-12395). Hyland should thus be resen-tenced under the 1994 guidelines. We therefore remand for resentencing.
Affirmed in part, reversed in part and remanded.